**Richmond**

ZEDDIE KATHERINE EMRICH

v.

WRAY EUGENE EMRICH, JR.

No. 1593-88-2

Decided December 27, 1989

COUNSEL

Nancy A. Sullivan (William D. Jones; William D. Jones & Associates, on brief), for appellant.

Stephen A. Chaplin (Thomas W. Papa; Chaplin, Papa & Gonet), for appellee.

OPINION

**COLEMAN, J.**—Zeddie Katherine Emrich, defendant in the trial court, appeals the entry of a final divorce decree on the grounds that (1) the court abused its discretion in denying her leave to file a late answer under Rule 1:9, when the delay was allegedly due to the complainant's deception; and (2) the court erred by refusing to hear evidence to support her claim that no ground for divorce existed, which refusal, she claims, violated her due process right to participate in the final *ore tenus* hearing. We agree, both for the reasons argued and because in divorce cases trial courts must require sufficient proof to corroborate the grounds pled for divorce. On these facts, the trial court gave little, if any, consideration to the sufficiency of the corroborating evidence. Therefore, we reverse and remand for further proceedings.

## FACTS

On August 23, 1988, the complainant, Wray Eugene Emrich, Jr., served his wife, Zeddie Emrich, with a bill of complaint for divorce alleging that they had been living separate and apart for one year. *See* Code § 20-91(9). Attached to the bill of complaint was a notice for taking depositions on September 19, 1988. The defendant did not file an answer within twenty-one days or appear at the taking of the depositions. On October 12, 1988, the complainant served notice on the defendant, as required by Rule 2:17, that he would move the court for entry of a final divorce decree on October 25, 1988. The defendant retained counsel and, on October 17, 1988, filed a motion for leave to file responsive pleadings. In support of her motion, she alleged that her failure to answer the complaint or appear at the deposition was due to her husband's resumption of cohabitation and his misrepresentation that the suit would be discontinued. Her motion also denied the husband's allegation that the parties had lived separate and apart.

The trial court denied her motion for leave to file responsive pleadings and on October 25, 1988, conducted the hearing for entry of a final divorce. The events that transpired at the final hearing are in dispute as to whether the defendant offered to tender evidence to prove her cause for not answering and to refute that the parties had lived separate and apart. There is no transcript of the final hearing or statement of fact as to what transpired. The hearing concluded with the entry of a final decree of divorce, over the objection of the defendant, and the noting of this appeal.

Regardless of whether Zeddie Emrich formally proffered her evidence in support of her motion for an extension of time to answer and to refute the husband's grounds for divorce, her counsel avowed, according to both parties, what she and her two witnesses would have testified. A unilateral avowal of counsel, a formal proffer, or a mutual stipulation is sufficient to preserve the question for appeal. *Whittaker v. Commonwealth*, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977).

## DISCUSSION

Whether a trial court's grant or denial of an extension of time to file pleadings is an abuse of discretion is a determination

that must be made in light of the purposes for which the statute or rule fixing time is enacted and the particular circumstances of each case. Virginia cases consistently have held that the decision to grant or deny an extension to file pleadings where the time for doing so has expired rests within the sound discretion of the trial court. *See, e.g., Eagle Lodge v. Hofmeyer,* 193 Va. 864, 870, 71 S.E.2d 195, 198 (1952). Rule 1:9 expressly gives the trial courts the authority to extend the time to file late pleadings, even after the original time for filing has expired. Therefore, our standard of review is whether there was a clear abuse of discretion.

In *Worsham v. Nadon,* 156 Va. 438, 157 S.E. 560 (1931), the supreme court stated that the purpose for:

> prescribing a time within which a defendant may and shall file his answer or other defense, is not to cut off the orderly presentation of defenses, or to set a trap for the unwary defendant by which a plaintiff may by delaying the prosecution of his cause cut off the defendant from a full defense or escape the necessity of proving his case. Its purpose is to prevent unconscionable delay in an orderly procedure in a chancery cause being caused by dilatory tactics on the part of the defendant or by the neglect of the defendant, where the plaintiff has shown due diligence on his part in the prosecution of the cause.

*Id.* at 446, 157 S.E. at 562.

While the statutory predecessors to Rule 1:9 (former Code § 8-121) required a showing of good cause for the delay in order to obtain an extension, Rule 1:9 does not explicitly contain such a provision. However, broad discretion to extend the time for filing has been given to the trial courts under Rule 1:9. In determining whether a trial court has abused its discretion by granting or denying leave to file a late pleading, the existence or absence of good cause for the delay, together with other compelling circumstances, control the determination. *Id.; see Westfall v. Westfall,* 196 Va. 97, 103, 82 S.E.2d 487, 490 (1954) (applying Rule 1:9). As stated, Rule 1:9 is not intended to prevent a defendant from making a full defense, but to expedite the causes before the court and avoid delay through dilatory tactics. *Westfall,* 196 Va. at 102, 82 S.E.2d at 490. By definition, a dilatory delay is an unreasona-

ble or bad faith delay attributable to the *moving* party; it is *not* a delay resulting from good faith actions or one that is induced by the opposing party. Thus, trial courts applying Rule 1:9 must, in the proper exercise of discretion, screen for those cases where the circumstances involved demonstrate good cause for the delay or where leave is otherwise necessary to achieve the ends of justice.

Whether discretion under Rule 1:9 was properly exercised depends upon the circumstances of each particular case. *Id.* at 103, 82 S.E.2d at 490. Trial courts may properly refuse an extension where the delay is due to negligence or carelessness on the part of a party. *Cooper v. Davis*, 199 Va. 472, 476, 100 S.E.2d 691, 694-95 (1957). Inadvertence or failure to exercise due diligence under the circumstances in responding to legal process does not constitute a reasonable or legal excuse for failure to comply with filing requirements. *Id.* at 476, 100 S.E.2d at 694-95.

Conversely, circumstances which support the exercise of discretion to extend the time for filing include lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, *Westfall*, 196 Va. at 103, 82 S.E.2d at 490, the existence of legitimate extenuating circumstances, *Eagle Lodge*, 193 Va. at 870, 71 S.E.2d at 198, and the justified belief that suit has been abandoned or will be allowed to remain dormant on the docket. *Worsham*, 156 Va. at 443, 157 S.E. at 562. Clearly, this list of justifiable circumstances is not exhaustive or necessarily determinative; the application of the rule "rests within the sound judicial discretion of the trial court, it being impossible to lay down a rule which will be binding in all cases." *Eagle Lodge*, 193 Va. at 870, 71 S.E.2d at 198.

Where a defendant was reasonably led by the plaintiff's acts or representations to believe the suit was abandoned, good cause exists for granting leave to file a responsive pleading, and a denial of the motion is reversible error. *See Worsham*, 156 Va. at 443, 157 S.E. at 562. To hold otherwise would be to condone a fraud, both upon the moving party and upon the court. Courts of equity will not permit a party by his or her words and conduct to manipulate judicial proceedings in a manner that will work an injustice by inducing the adverse party not to defend the cause. Estoppel by conduct, whereby a party will not be heard to deny that

which he has induced others to rely upon as true, extends without limit throughout the law. *See Harris v. City of Roanoke*, 179 Va. 1, 5, 18 S.E.2d 303, 305 (1943).

> The general rule of equitable estoppel, or, as it is frequently called, estoppel *in pais*, is that when one person, by his statements, conduct, action, behavior, concealment, or even silence, has induced another, who has a right to rely upon those statements, etc., and who does rely upon them in good faith, to believe in the existence of the state of facts with which they are compatible, and act upon that belief, the former will not be allowed to assert, as against the later [sic], the existence of a different state of facts from that indicated by his statements or conduct, if the latter has so far changed position that he would be injured thereby.

*Heath v. Valentine*, 177 Va. 731, 737, 15 S.E.2d 98, 100 (1941). Specifically, cohabitation between previously estranged spouses is sufficient to lead one party reasonably to believe that there has been a reconciliation between them. *Tarr v. Tarr*, 184 Va. 443, 448, 35 S.E.2d 401, 405 (1945). Moreover, "cohabitation between husband and wife during the pendency of the suit for divorce is considered a sufficient reason for the defendant to believe that plaintiff's spouse has abandoned the suit, and a justification for not appearing to make a defense." *Ware v. Ware*, 203 Va. 189, 193, 123 S.E.2d 357, 360 (1962).

The defendant alleged in her motion that after being served with the bill of complaint on August 23, 1988, the husband moved back into their marital residence on or about August 25, 1988, and that they reconciled and lived there as husband and wife until September 27, 1988. Further, the defendant alleged that the husband told her on August 29, 1988, that he considered himself and the defendant reconciled, that the divorce proceeding would be dismissed, and that the defendant need not file an answer. The defendant claims she relied upon these statements and representations in failing to file an answer or appear at depositions, and that the husband did not renounce the reconciliation and depart from the marital residence until October 10, 1988. Thus, the defendant sets forth facts in her motion filed October 17, 1988, which her attorney avowed could be proven by her and two witnesses, that, if true, made out a clear case of deceit by the husband with

prejudice to the defendant, calling for an extension of time to file an answer. *See Ware*, 203 Va. at 193, 123 S.E.2d at 360-61.

Moreover, the defendant alleged, not only that she failed to answer because her husband misled her, but also that her husband did not have grounds for divorce. She alleged that he returned to the marital home and that they "resided" there as husband and wife on four separate occasions prior to the commencement of the suit and during the statutory period when he contends they lived separate and apart without interruption. Furthermore, her assertion contradicts the husband's testimony in deposition and before the court that the parties lived separate and apart without cohabitation and without interruption for more than one year. Thus, the defendant's allegation went not only to show good cause for her failure to file an answer or appear at the deposition but also to challenge the husband's grounds for divorce.

We conclude that the trial court abused its discretion in denying the request to file an answer in the face of a clear showing of good cause and justification for having failed to do so. We also are troubled by the court's apparent passivity, in the face of these allegations, in failing to require the husband to comply with the legal requirements to fully and clearly prove his grounds of divorce and corroborate such proof. Trial courts clearly have a duty to inquire further when allegations of fraud and deceit are alleged with specificity, as they were here. The development of the law in divorce cases reflects the long-standing public policy of protecting the public morals and the sanctity of the marriage relationship. *Raiford v. Raiford*, 193 Va. 221, 228, 68 S.E.2d 888, 893 (1952). To effectuate the policy, the law has focused upon preventing divorce suits in which the statutory elements are established by consent. *Walker v. Walker*, 120 Va. 410, 412, 91 S.E. 180, 180 (1917). This policy is reflected in the requirement that a complainant prove his or her grounds for divorce to the court by "full, clear, and adequate evidence." *Hampton v. Hampton*, 87. Va. 148, 150, 12 S.E. 340, 341 (1890); *see Brooks v. Brooks*, 200 Va. 530, 534, 106 S.E.2d 611, 615 (1959). This public policy has been carried forward in Code § 20-91(9), which imposes a one-year waiting period to provide the parties an opportunity to contemplate reconciliation. *Hooker v. Hooker*, 215 Va. 415, 417, 211 S.E.2d 34, 36 (1975). Additionally, Code § 20-99(2), and Rules 2:8 and 2:12 make clear to trial courts that a complainant must

prove and corroborate his or her grounds for divorce by independent evidence, regardless of whether a defendant answers. Every element or essential charge need not be corroborated, nor must the corroborating evidence, standing alone, prove the grounds for divorce, but corroboration must give sufficient strength to the complainant's testimony to be clearly worthy of belief. *See, e.g., Graves v. Graves*, 193 Va. 659, 661, 70 S.E.2d 339, 340 (1952). The failure of the trial court to require full and clear proof when confronted with these allegations illustrates the prejudice to the defendant in not being permitted to file an answer and actively defend the divorce suit.

Finally, the defendant contends that it was reversible error for the trial court to refuse her the right to be heard and to present evidence at the final hearing. The husband again contends that because there is no transcript of that proceeding the record is insufficient for our consideration of whether the question was adequately presented to the trial court and preserved for appeal. Although there is no transcript of the final hearing, the husband acknowledges that, at a minimum, counsel for the defendant argued the motion to be heard before the court, the trial court denied the motion, counsel represented to the trial court what the evidence would have been were the defendant allowed to testify and to put on evidence, no further proffer of evidence was allowed, and a final divorce decree was entered over the objection of the defendant. The avowal of counsel was adequate to establish what evidence would have been presented, *Whittaker*, 217 Va. at 969, 234 S.E.2d at 91, and the record before us is sufficient to show that the defendant appeared at the hearing and was denied the right to testify or participate in the proceedings. Thus, no procedural bar prevents us from consideration of the issue.

Although the defendant will necessarily be heard on remand as a result of our holding that she was entitled to file an answer, we further address the question of her right to have been heard to emphasize that reversal is required not simply because of the prejudice that resulted when the trial court denied her the right to file an answer. While Rule 2:17 dispenses with notice to defendants of any subsequent proceedings against whom a bill of complaint is taken for confessed, a bill of complaint for divorce or annulment is never taken for confessed. Code § 20-99; *Baker v. Baker*, 194 Va. 284, 290, 72 S.E.2d 632, 635 (1952). The *ore*

*tenus* hearing and the corroboration of the complainant's evidence are indispensable proceedings to a divorce. For these reasons, a trial court must, at a minimum, afford an adverse party who appears the opportunity to challenge the sufficiency of the complainant's corroborating evidence. "In a divorce case, the record should affirmatively show that each procedural step is taken, and taken properly, unless waived by the party for whose benefit it is provided. If a procedural requirement is not followed, and is not waived, the record then shows, upon its face, a defect which challenges the authority of the court to proceed with the case." *Mackey v. Mackey*, 203 Va. 526, 528, 125 S.E.2d 194, 195 (1962).

Aside from these procedural considerations which are required by the nature of suits for divorce or annulment, more general considerations of due process require the same result. When a party who is not in default appears at an evidentiary hearing and requests an opportunity to be heard and to participate, "due process requires that the court afford the litigant that opportunity," as the right to be heard is an integral part of the due process of law. *Venable v. Venable*, 2 Va. App. 178, 181-82, 342 S.E.2d 646, 648 (1986) (citations omitted).

Accordingly, we hold that the trial court erred in denying the defendant an extension of time to file a late answer, which would have afforded her the opportunity to actively defend the suit and participate in resolving the questions incidental to divorce.

*Reversed and remanded.*

Barrow, J., and Keenan, J., concurred.