COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Duff
Argued at Alexandria, Virginia

SAUNDRA N. BURKA

v.      Record No. 2131-94-4          MEMORANDUM OPINION[*]
                                          PER CURIAM
ELLIOTT L. BURKA                       MAY 2, 1995


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      J. Howe Brown, Judge

      Laurence A. Elgin (Vail W. Pischke, on briefs), for
      appellant.

      Karen C. Davis (Stefan C. Long; Grenadier, Davis & Simpson,
      on brief), for appellee.

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Saundra N. Burka (wife) appeals the decision of the circuit court ordering wife to return items of personal property to Elliott L. Burka (husband) or to pay husband the value of those items. Wife raises eighteen issues on appeal. However, the controlling issues in this case involve the trial court's interpretation of a property settlement agreement.[1] Finding no error, we affirm the decision of the trial court.

The parties entered into a property settlement agreement (PSA) on February 24, 1993 as part of their divorce. The PSA provides in relevant part as follows:

> 12. Except as set out herein, all items of personal effects, such as, clothing, jewelry, and memorabilia, shall become the absolute property of the individual parties hereto . . . .
>
> 12a. Tangible personal property of the parties shall be the sole and separate estate of the husband, except that wife shall be granted sole and separate estate of . . . [the items in section 12(a)(1)]. The wife shall make certain that all items except those aforestated 12(a)(1) are in the marital home when she leaves, that they are in good condition, and she shall hold the husband harmless and indemnify him against any loss of the tangible personal property or any damage occurring through the 25th day of May, 1993 or until such time as the wife vacates the home . . . .

---

[1] In addition to the property settlement agreement issues, wife raises several pleadings issues. Leave to file late pleadings and consolidation of cases are matters within the sound discretion of the trial court. See Emrich v. Emrich, 9 Va. App. 288, 292, 387 S.E.2d 274, 275 (1989) (late pleadings); Clark v. Kimnach, 198 Va. 737, 744, 96 S.E.2d 780, 786 (1957) (consolidation). No abuse of discretion occurred because wife had the opportunity to fully and fairly litigate all relevant issues.

In addition, section 8 of the PSA makes a defaulting party liable for attorney's fees in a suit seeking enforcement of the PSA.

On May 24, 1993, the parties conducted a walk-through of the marital residence and prepared a handwritten list of nineteen items noticed missing by husband. After wife left, husband walked through again and compared the items in the house to the items appearing on a videotape inventory made by wife. On May

Wife also argues that the trial court erred in awarding husband attorney's fees. The award of attorney's fees is also discretionary with the trial court. See Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989). The trial court did not abuse its discretion because the property settlement agreement provided for fees against a defaulting party.

We summarily affirm the other issues raised by wife because they are patently without merit.

3

25, 1993, husband filed a motion to enforce the PSA, and on June 1, 1993, husband submitted a typed list of fifty-two items of personal property missing from the house. In response to husband's request for admissions, wife admitted taking certain items of personal property from the home.

On July 7, 1994, the trial court ordered wife to return all but four of the fifty-two items on the June 1, 1993 list, or to pay husband the value of the missing items. The trial judge found that most of the items taken by wife were not her personal effects or memorabilia and thus belonged to husband under the PSA. Wife argued that she only took items that were "memorabilia," and husband asserted that, under the language of the PSA, "memorabilia" was limited to items that could also be considered "personal effects."

Additionally, the court determined that wife's duty under the PSA was an absolute contractual obligation:

> Her obligation with regard to these items in the house doesn't have to do with whether she took them or knows who took them or knows why they're not there. It's a contractual obligation here in the agreement in which she agreed that they would all be there and that she would indemnify him from any damage if they were not there. So she had an absolute guarantee in that agreement that is not subject to any proof that she took them or what happened to them. If they're not there, she owes him for them.

Wife argues that: (1) wife's guarantee to husband expired on May 24, 1993, after the walk-through, and husband's claim is limited to the nineteen items on the handwritten list; (2)

4

husband failed to prove that the claimed items were in the marital residence when the PSA was signed; and (3) the court erred in interpreting the terms "personal effects" and "memorabilia" in section 12(a)(1) of the PSA.

"On appeal, we construe the evidence in the light most favorable to husband, the prevailing party below, granting to him all reasonable inferences fairly deducible therefrom." Rogers v. Yourshaw, 18 Va. App. 816, 818, 448 S.E.2d 884, 885 (1994). "Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (quoting Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

> Property settlement agreements entered into pursuant to a divorce proceeding are contracts; "therefore, we must apply the same rules of interpretation applicable to contracts generally." "In reviewing the agreement, we must gather the intent of the parties and the meaning of the language, if we can, from an examination of the entire instrument, giving full effect to the words the parties actually used."

Smith v. Smith, 15 Va. App. 371, 374, 423 S.E.2d 851, 853 (1992) (citations omitted).

The trial court's findings regarding the PSA are supported by the evidence and are not plainly wrong. The trial judge properly interpreted wife's obligation under section 12a of the PSA as a guarantee that the personal property of the parties

5

would be in the marital residence when she left.  The mandate of the PSA is clear and has no time limit:  "[W]ife shall make certain that all items except those aforestated 12(a)(1) are in the marital home when she leaves . . . ."  As fact finder, the trial judge resolved the issues of which items were in the house at the time of the PSA and which items were missing at the time of the walk-through in favor of husband, and credible evidence supports his findings.  Not only did wife admit taking certain items from the house when she left, but she also relied on the videotape as an inventory of their personal property.  Husband used that videotape in compiling his list of missing items, and he submitted the fifty-two item list on June 1, 1993, within a reasonable time after the walk-through.  The trial judge did not act unreasonably in using the June 1, 1993 list as evidence of which items were missing from the marital residence.

Additionally, the trial judge's interpretation of the terms "personal effects" and "memorabilia" is supported by the evidence.  Section 12 of the PSA allows wife to keep "personal effects" and lists "memorabilia" as an example of "personal effects."  The trial judge's acceptance of husband's argument that "memorabilia" was limited to items of "personal effects" is a proper construction of the PSA's language.

Accordingly, we affirm the decision of the trial court and remand for the trial court to consider additional attorney's fees incurred by husband in this appeal.

<u>Affirmed</u>.