COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

MARTHA C. TWINAM

MEMORANDUM OPINION[*]
v.   Record No. 0765-96-4              PER CURIAM
NOVEMBER 12, 1996

TIMOTHY W. TWINAM

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Brad L. Martin; Martin & Rubin, on briefs),
for appellant.

(Judith S. Landry, on brief), for appellee.


Martha C. Twinam (mother) appeals from a decision of the circuit court concerning a 1989 amendment to the parties' property settlement agreement.  Mother contends that the trial court erred in (1) holding that the modification clause of the settlement agreement enabled the parties to modify the amount of child support without court approval; (2) holding that the 1989 modification was valid when it was not executed with the same formality as the settlement agreement; and (3) not granting mother attorney's fees and costs.  Timothy W. Twinam (father) contends that the trial court correctly found mother was estopped to challenge the modification.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

trial court.  Rule 5A:27.

<u>Modification of the Settlement Agreement</u>

"Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally."  <u>Fry v. Schwarting</u>, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).  "[O]n appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court."  <u>Id.</u>

> The parties' agreement provided in part as follows:
> 14.  <u>MODIFICATION</u>:  At any time, the parties may by mutual consent amend or modify the terms of this Agreement; provided that any such amendment or modification (or waiver of any of the terms of this Agreement) shall be of no effect unless in writing and executed with the same formality as this Agreement.

Father also agreed to increase child support payments annually in proportion to his salary increases.  The parties executed the agreement and their signatures were notarized.  Subsequently, the agreement was incorporated into the parties' final decree of divorce.  In February 1989, pursuant to the modification clause of the agreement, the parties agreed to reduce father's monthly child support payments from $500 to $400.  Father remained liable for annual increases.[1]

---

[1]While father failed to make the annual increases in child support payments pursuant to the terms of the agreement, the resulting arrearage was satisfied prior to the hearing in the trial court.

Mother contends that because no agreement may divest the trial court of its jurisdiction over child support, the parties lacked authority to modify their agreement as to child support without court approval. It is true that

> [b]oth parents owe a duty of support to their minor children. A divorce court retains continuing jurisdiction to change or modify its decree relating to the maintenance and support of minor children. Consequently, parents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support.

Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994) (citations omitted). Compare Code § 20-109 (court has no authority to enter decree concerning spousal support or certain other issues contrary to parties' contract) with Code § 20-108 (court retains authority to revise decrees concerning minor children).

Here, however, the parties' agreement did not purport to contract away the children's right to support or bar the court's exercise of its jurisdiction. Instead, it allowed the parties the option of resolving issues, including those related to child support, without returning to court for approval. Cooperation between divorced parents concerning the welfare and support of their children is commendable and does not diminish in any way the authority of the court to safeguard the children's best interests. This is not an instance where one party unilaterally reduced child support, nor was any evidence presented to indicate

3

that the modification adversely affected the children's circumstances. Therefore, we do not agree with mother's contention that the agreement was void ab initio because it allowed the parties to modify support by agreement without first seeking court approval.

## Formality of Execution

Mother also contends that the modification was ineffective because it was not notarized and, therefore, was not "executed with the same formality" as the agreement. Father contends the trial court properly found that mother was estopped to contest the validity of the modification.

The agreement does not expressly require notarized signatures. The modification was in writing and signed by both parties. The parties operated under the modification from 1989 until the present dispute. Father, acting on the modification, borrowed money to pay the outstanding arrearage attributable to his salary increases.

> "The general rule of equitable estoppel, or, as it is frequently called, estoppel in pais, is that when one person, by his statements, conduct, action, behavior, concealment, or even silence, has induced another, who has a right to rely upon those statements, etc., and who does rely upon them in good faith, to believe in the existence of the state of facts with which they are compatible, and act upon that belief, the former will not be allowed to assert, as against the later [sic], the existence of a different state of facts from that indicated by his statements or conduct, if the latter has so far changed position that he would be injured thereby."

4

<u>Emrich v. Emrich</u>, 9 Va. App. 288, 294, 387 S.E.2d 274, 276-77 (1989) (citation omitted).  Mother's conduct in signing the modification and accepting the modified payments induced father to believe that the modification was uncontested.  Mother's challenge to the modification, if successful, would result in a substantial back debt owed by father.  We find no error in the trial court's determination that mother was estopped from complaining that the modification lacked sufficient formality because it was not notarized.

### Attorney's Fees and Costs

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  <u>Graves v. Graves</u>, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances. <u>McGinnis v. McGinnis</u>, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  Mother asserted that she was entitled to attorney's fees under the settlement agreement because she incurred expenses to enforce the terms of the agreement.  Father asserted he was entitled to fees because he substantially prevailed in the trial court.

The trial court denied an award of fees or costs to either party.  An unspecified portion of mother's attorney's fees related to father's failure to make the annual increases required by the agreement.  That arrearage was satisfied prior to the show

5

cause hearing.  Mother incurred additional fees in her attempt to enforce terms other than those of the modified agreement.  In light of the issues involved, we cannot say that the trial court's decision was unreasonable or an abuse of the court's discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>