COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JOHN A. FULCHER

                                        MEMORANDUM OPINION[*]
v.   Record No. 0382-97-1                  PER CURIAM
                                         AUGUST 12, 1997
LINDA S. FULCHER


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                     John M. Folkes, Judge

            (Dana L. Gay; Duty, Duty and Gay, on briefs),
            for appellant.

            (Breckenridge Ingles; Martin, Ingles &
            Ingles, on brief), for appellee.


     John A. Fulcher (husband) appeals the decision of the

circuit court awarding a divorce to Linda S. Fulcher (wife) on

the ground of cruelty.  Husband contends that the trial court

erred because (1) there was insufficient evidence to prove

cruelty; and (2) there was evidence of wife's fault through

adultery and financial irresponsibility.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  Rule 5A:27.

     The evidence was heard by the commissioner in chancery, who

found that wife proved her ground of divorce by clear and

convincing evidence.  The commissioner based his findings upon

the testimony and his "ability to observe the parties and the

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

witnesses and despite denials by [husband] . . . ."  On appeal,

> [t]he commissioner's report is deemed to be prima facie correct.  The commissioner has the authority to resolve conflicts in the evidence and to make factual findings.  When the commissioner's findings are based upon ore tenus evidence, "due regard [must be given] to the commissioner's ability . . . to see, hear and evaluate the witness at first hand."

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).  "[T]he trial judge ordinarily must sustain the commissioner's report unless he or she concludes that it is not supported by the evidence."  Id.  We must affirm the trial court's decision unless it is plainly wrong or without evidence to support it.  See McLaughlin v. McLaughlin, 2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986).

## I.

Wife testified regarding husband's behavior throughout the marriage, which was marked by several separations.  Husband had affairs and drank excessively.  He took little responsibility for the children when they were young.  Husband discouraged wife's contacts with her friends.  On several occasions, husband refused to provide wife with sufficient funds to purchase groceries, so wife borrowed money from a friend.  Wife testified that husband was increasingly angry with her and their children, would scream at her, and "would stand there in front of me with his fist clenched just so mad and so angry."  Following one incident when husband became angry and threw a beer bottle at her, wife moved

2

out of the house.

Numerous witnesses corroborated wife's testimony. Elizabeth Trudell corroborated wife's description of her emotional condition following the bottle-throwing incident. Wife was "shaking and crying and pacing back and forth." Trudell also corroborated wife's testimony that husband was unpleasant to her friends. Cindy Wiatt corroborated wife's testimony that husband would refuse to pay for groceries. Betty Lou Hudgins corroborated wife's testimony that husband was domineering and controlling towards wife. Husband admitted to one adulterous affair during the marriage, although he denied three other affairs.

It is true that "a complainant must prove and corroborate his or her grounds for divorce by independent evidence." Emrich v. Emrich, 9 Va. App. 288, 295-96, 387 S.E.2d 274, 278 (1989). However, "[e]very element or essential charge need not be corroborated, nor must the corroborating evidence, standing alone, prove the grounds for divorce, but corroboration must give sufficient strength to the complainant's testimony to be clearly worthy of belief." Id. at 296, 387 S.E.2d at 278. The record contains sufficient corroboration of wife's allegations of cruelty to support the commissioner's factual findings and the trial court's decision.

II.

Husband contends that the trial court erred in awarding wife a divorce on the ground of cruelty when, through her financial irresponsibility and adultery, there was sufficient evidence of fault on wife's part. Although not so identified, this argument raises the defense of recrimination. "The doctrine of recrimination bars granting a divorce where the complainant's own actions constitute grounds for divorce." Venable v. Venable, 2 Va. App. 178, 184, 342 S.E.2d 646, 650 (1986). Husband did not plead adultery as a ground for divorce, and hence may not rely on that ground by way of recrimination. Instead, husband alleged that wife was guilty of "mental cruelty" and was unable to manage finances, causing him "great embarrassment and mental anguish." Neither the commissioner nor the trial judge found that husband had proven this allegation. We find no error in the trial court's refusal to award husband a divorce on the unproven ground of mental cruelty.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4