# CIRCUIT COURT OF THE CITY OF ROANOKE

Callahan Construction, Inc.

v.

Hardy Plumbing and
Heating Corporation

October 10, 2000

Case No. CL00-341

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff obtained a default judgment in a negligence case 27 days after Defendant's response was due. In fact, Defendant had filed a grounds of defense 18 days late, but that responsive pleading had not been placed in the file, and Defendant's counsel was not notified of the default judgment until after it had been entered. Accordingly, the default judgment was vacated without objection because of the lack of notice. Defendant's liability insurance carrier now argues, in an independent action, that the Court should allow Defendant's responsive pleading to be filed late, as the neglect in failing to file a timely response was the fault of the insurance carrier and not of its insured. They place the blame on a long time employee of the insurance carrier who left her employment approximately two weeks after the grounds of defense were due. Plaintiff contends that no extenuating circumstances exist that would allow the Defendant to avoid a default judgment.

The Court has discretionary authority under Rule 1:9 of the Rules of the Supreme Court of Virginia to extend the time of the filing of pleadings, even though the time fixed for such filing has expired. This discretion is exercised where good cause exists or where the ends of justice require the Court to take curative action.

Whether discretion under Rule 1:9 [is] properly exercised depends upon the circumstances of each particular case. Trial courts may

properly refuse an extension where the delay is due to negligence or carelessness on the part of a party. Inadvertence or failure to exercise due diligence . . . in responding to legal process does not constitute a reasonable or legal excuse for failure to comply with filing requirements.

*Emrich v. Emrich*, 9 Va. App. 288, 293 (1989).

In the case at hand, no extenuating circumstances or good cause exists and the ends of justice do not require the exercise of the Court's discretion. This is simply a case of neglect by an insurance carrier who was acting as its insured's agent and whose negligence is attributed to its insured. Defendant's request to file a late answer is denied. Plaintiff may again pursue its motion for default judgment.