# CIRCUIT COURT OF MADISON COUNTY

Marie Kohl et al.

v.

Amerigas Propane, Inc., et al.

February 4, 2004

BY JUDGE DANIEL R. BOUTON

On this Motion for Default Judgment, the court has completed a thorough study of the arguments and the authorities that have been submitted by the parties. The court's review of these items has now been concluded, and the court has had adequate time to reflect on its ruling.

To begin with, both sides concede that, whether a default judgment should be granted or whether an extension of time to file responsive pleadings should be permitted is a decision that rests within the sound discretion of the court. What is in dispute, however, is the standard that should be applied to the exercise of the court's discretion. The parties also disagree on whether the court should accept as credible any of the various reasons offered by the defendant for the failure to respond on a timely basis. On this point, after "additional investigation", counsel for the defendant now claims that he is responsible for the failure to answer the motion for judgment within twenty-one days. Furthermore, even if credible, the parties differ over whether any of the stated reasons are actually sufficient to justify an extension of time based on the circumstances of the case that is before the court.

The plaintiffs assert that the defendant has provided contradictory explanations for its actions and that the record contains no credible evidence in support of any of them. Therefore, no "excusable neglect" has been established by the defendant. Based on Judge McGrath's well reasoned opinion in the case of *J. B. Rhodenheizer Construction, Inc. v. Jupiter*

*McGill Housing Group, L.L.C.*, 50 Va. Cir. 357 (Rockingham County, 1999), the plaintiffs argue that the court should deny the motion for additional time to file a responsive pleading.

The court has carefully studied Judge McGrath's opinion. The court is in general agreement with Judge McGrath's excellent analysis of the principle of excusable neglect. At the same time, however, the court does not believe that a defendant's failure to establish excusable neglect necessarily requires that the court grant a default judgment without considering any of the other circumstances surrounding the request for an extension of time. Rather, while the absence of excusable neglect may be extremely significant to the court's inquiry, it is not dispositive or controlling for two reasons.

First, even in the absence of excusable neglect, both the Supreme Court of Virginia and the Court of Appeals have made it clear that granting or denying a motion for a default judgment is something that lies within the discretion of the court. *Emrich v. Emrich*, 9 Va. App. 288 (1989); *Cooper v. Davis*, 199 Va. App. 472 (1957). As noted by the *Emrich* court, a trial judge "*may* properly refuse an extension where the delay is due to negligence or carelessness on the part of a party." *Id.*, at 293 (emphasis mine, citations omitted). Thus, negligence or carelessness can trigger the exercise of the court's discretion, but such a finding does not mandate that the request for an extension be denied. In short, regardless of any findings that are made on why a timely response was not filed, the court at all times retains its discretion to rule as appropriate.

Second, in addition to ascertaining the presence or absence of excusable neglect, the court is entitled to consider a number of other factors before deciding whether to exercise its discretion to grant a default judgment. In this regard, the court must also consider the individual circumstances of the case that is before it. As stated in *Emrich*, "trial courts applying Rule 1:9 must, in the proper exercise of discretion, screen for those cases where the circumstances involved demonstrate good cause for the delay *or where leave is otherwise necessary to achieve the ends of justice.*" *Id.*, at 293 (emphasis mine). The proper exercise of the court's discretion "depends on the circumstances of each particular case." *Id.*, at 293. *Emrich* identified a number of factors that can be taken into account when denying a motion for a default judgment: "circumstances which support the exercise of discretion to extend the time for filing include lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing party's decision to progress with the cause, the existence of a meritorious claim or substantial defense, the existence of legitimate extenuating circumstances, and the justified belief that suit has been abandoned or will be allowed to remain dormant on the docket." *Id.*, at

293 (citations omitted). Finally, it is critical to note that, after describing some examples of what trial judges may consider, the court then explicitly stated that the list of "justifiable circumstances is not exhaustive or necessarily determinative. . . ." *Id.*, at 293. In *Eagle Lodge v. Hoffmeyer*, 193 Va. 864 (1952), the Supreme Court of Virginia explained that no single factor governs the analysis because it is "impossible to lay down a rule which will be binding in all cases." *Id.*, at 870 (citations omitted).

The above discussion demonstrates that the discretion vested in the court is not solely restricted to or exclusively controlled by the question of excusable neglect. In the court's view, there are a number of other factors that must be considered in the present case. First, the grounds of defense was due on August 21st and was actually filed on September 3rd. The delay was less than two weeks. Thus, even if attributable to the carelessness (inexcusable neglect) of counsel, the delay was not excessive.

The shortness of the delay must be emphasized here because of an important point stressed by the Virginia Supreme Court in a number of cases that have discussed this question. Specifically, in *Eagle Lodge, supra,* the court noted that a significant purpose of filing deadlines contained in statutory provisions and rules of court "is to require an orderly and timely presentation of defenses in order to prevent delay in the prosecution of a suit," and to avoid "a delay or continuance because of matters put in issue for the first time." *Id.*, at 870. This principle was again stressed in *Westfall v. Westfall*, 196 Va. 97 (1954), where the court stated that such filing requirements "were designed to expedite the cause by commanding a timely presentation of defenses and thus prevent a delay through dilatory tactics on the part of the defendant." *Id.*, at 102-03.

In the present case, the record contains no evidence that would remotely suggest that the defendant's late response would delay the trial or raise new issues for the first time. Thus, to permit the late filing at this point would not interfere in the least with the timing of the trial, nor would it prohibit a full and fair discovery period. In this regard, it should be noted that the *Westfall* court reversed the trial judge for failing to grant an extension of time for the filing of responsive pleadings for this very reason: "There is nothing in the record before us to indicate that the failure of the defendant to file her answer in any way delayed the progress of the cause." *Id.*, at 103. Similarly, in *Eagle Lodge, supra,* the court observed that the filing "was not made the ground, either for a continuance of the case, or postponement of the trial. It brought in no new issue requiring the plaintiff to make further proof than upon issues theretofore made." *Id.*, at 870.

In addition to the relative brevity of the delay in filing responsive pleadings, the court must take into account the complete lack of prejudice to

the plaintiffs. Here, counsel appropriately and candidly conceded that no such prejudice exists; he admits that any delay in responding to the motion for judgment will have no impact on his ability to proceed with the case on behalf of his clients.

Another factor in this case is that the defendant asserts that it can present a substantial defense to the plaintiffs' allegations of liability. Also, the defendant maintains that the question of damages will be hotly contested. Based on the information contained in the file and in light of what has occurred in the case through this stage of the proceedings, the court finds that both liability and damages will be vigorously disputed. Therefore, granting a default judgment to the plaintiffs at this stage of the proceedings would preclude a defense on the merits. Moreover, under the principles of law that apply to a determination of damages in cases where a default judgment has been entered, it would to a certain extent limit the defendant's ability to contest the amount of damages that can be awarded by the jury.

Finally, as noted above in the discussion of the *Emrich* case, the exercise of the court's discretion must be applied to the individual circumstances of each case. In this regard, a factor that is perhaps unique to this case is that the cause of action has already been nonsuited by the plaintiffs. When first on the court's docket, the case was being fully litigated by the defendant; the discovery process was proceeding on schedule; and the case was set for trial by jury. The defendant participated in all of the pretrial hearings and in the discovery process. The defendant was prepared to go forward with a full defense to the claims of the plaintiffs at the time that the case was nonsuited. Prior to the filing of the instant action, counsel for the plaintiffs and counsel for the defendant were in contact with and cooperating with one another. Information had been exchanged regarding the service of process, and all parties were expecting to try the case on the merits. Thus, the defendant is not before the court as an irresponsible litigant who has simply ignored the motion for judgment. Prior to the nonsuit, the defendant's conduct demonstrated good faith to the court and to the other parties in the case.

In light of the above analysis, the court concludes that the circumstances of this case justify the brief extension of time that has been requested. Regardless of whether the defendant has established "excusable neglect," the ends of justice would be served by allowing the grounds of defense to be filed. The extension would permit the case to be fully and fairly tried on the merits.

Therefore, the motion for judgment by default against Amerigas will be denied. The court will grant an extension of time to Amerigas to file the responsive pleadings that were actually filed on September 3rd.