# CIRCUIT COURT OF FAIRFAX COUNTY

Minnie Sue R. Brown et al.

v.

Reuben A. Allen, Jr., et al.

April 8, 2004

Case No. (Chancery) 187032

BY JUDGE ARTHUR B. VIEREGG

This matter came before me on April 2, 2004, originally on Defendant Pennsylvania General Insurance Co.'s plea in bar. However, both counsel agreed that Brown's motion for default judgment against Defendant Pennsylvania General Insurance Co., Brown's motion to add Liberty Mutual Insurance Co. as a party defendant, and Pennsylvania General's motion to extend time to file an answer, should be heard as well.[1] At the conclusion of the arguments, I took the matters argued under advisement and invited counsel to furnish additional authority. After considering the arguments presented and the authority submitted, I am ready to furnish my decision to the parties.

## I. *Statement of Facts*

Complainant, Minnie Sue Brown is the surviving spouse of decedent Fred Brown and the sole beneficiary of his estate. Ms. Brown brought this suit in her individual capacity and as administrator of her husband's estate. Brown's

---

[1] I shall refer to Defendant Pennsylvania General Insurance Co. as Pennsylvania General and Complainants collectively as "Brown."

bill of complaint for accounting asserts four counts: Count I: Forfeiture of Fees; Count II: Fee Payment in Excess of Reasonable Amount; Count III: Overpayment of Taxes; and Count IV: Removal of Executor. Fred Brown was the residuary beneficiary of the will of Virginia Ellen Monteith, who died testate on July 7, 1999. On July, 23, 1999, Defendant Reuben A. Allen, Jr., qualified as executor of Ms. Monteith's estate. Allen and Pennsylvania General Ins. Co.[2] executed a surety bond in the amount of $1,670,000.

Brown alleges that Mr. Allen took possession of certain personal property owned by decedent Monteith having a value of $1,276,489.64. Brown further asserts that Allen filed two accountings, the first on November 27, 2000, and the second on December 10, 2001. Both were subsequently approved by the Commissioner of Accounts. Brown did not file any exceptions to those accountings. She asserts that no other interim or final accountings were filed after 2001.

Brown alleges that Allen, personally and through a third party, made false and misleading statements to the Commissioner of Accounts to gain the approval of the first accounting, including misrepresenting his role in the sale of certain real estate of Ms. Monteith; falsely reporting that the records of Ms. Monteith were in disarray; asserting that he conducted research with respect to two life insurance policy checks; falsely representing the total amount of time he spent in connection with the Monteith estate matters; and falsely representing that there was a substantial amount of time expended for distributing assets to the beneficiaries. Additionally, Brown maintains that Allen's counsel informed Brown's counsel, Mr. Schultz, that Allen had borrowed funds from the Monteith estate but had paid them back.

On November 26, 2003, Pennsylvania General was served with Brown's bill of complaint for accounting. On January 14, 2004, it belatedly filed its answer and grounds of defense. No leave to file a late answer was sought by Pennsylvania General prior to April 1, 2004. On March 19, 2004, Pennsylvania General filed a plea in bar, asserting that a Bond Replacement was executed on July 9, 2002, substituting Liberty Mutual Insurance Company for Pennsylvania General as surety. On March 26, 2004, Brown filed a motion to declare Pennsylvania General in default and a motion for leave to add Liberty Mutual Insurance Company as a party defendant. On April 1, 2004, Pennsylvania General filed a motion to extend time to file an answer. These two motions were filed at the same time as Brown's opposition to Pennsylvania General's plea in bar. However, no praecipe was filed placing these matters on the April 2, 2004, docket to be heard in

[2] At the time the bond was executed, Pennsylvania General was the General Accident Insurance Co.

addition to the plea in bar. However, at the hearing, both counsel agreed to proceed on all of the motions, despite this technical failure to adhere to Fairfax County Circuit Court Procedures.

## II. *Disposition of the Motions*

As I indicated from the bench on April 2, 2004, the principal issue in determining how to rule on the several motions hinges on whether or not Pennsylvania General should be granted leave to file a late answer. Therefore, I will address that matter first.

### A. *Leave to File a Late Pleading*

Pennsylvania General argues that it should be granted leave to extend the time of filing to January 14, 2004, the date on which it actually filed its answer and grounds of defense. Pursuant to Virginia Supreme Court Rule 3:5, a defendant has 21 days after service of process to file a responsive pleading, or the defendant is in default. Va. Sup. Ct. Rule 3:5. Here, Pennsylvania General was personally served on November 26, 2003, but did not submit its answer and grounds of defense until January 14, 2004. Pennsylvania General asserts that pursuant to Rule 1:9, the court has discretion to grant an extension to file a pleading. Va. Sup. Ct. Rule 1:9. However, in exercising discretion whether or not to furnish such relief, a court must consider various factors to determine whether such relief should be granted. *See e.g., Emrich v. Emrich,* 9 Va. App. 288, 291-93, 387 S.E.2d 274 (1989); *cf. Levine v. Lacy,* 204 Va. 297, 301-02, 130 S.E.2d 443 (1963) (denying defendant's appeal of the default judgment because defendant never moved the trial court for leave to answer late, nor presented any reasonable cause for the delay).

A court may refuse to permit an extension where the delay in filing is a result of the negligence or carelessness of the party. Cooper v. Davis, 199 Va. 472, 476, 100 S.E.2d 691 (1957). Other factors that should be considered by the court are the "lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or defense, the existence of legitimate extenuating circumstances, and the justified belief that suit has been abandoned or will be allowed to remain dormant on the docket." *Emrich,* 9 Va. App. at 293. In Pennsylvania General's brief and at oral argument, Pennsylvania General stated that the bill of complaint was received by its Virginia registered agent on November 26, 2003, but that counsel was not retained until January 13,

2004. Thus, it is clear that responsibility for the delay in filing solely rests with Pennsylvania General, not the neglect of its attorneys.

But the merits of Pennsylvania General's motion do not depend on carelessness alone. *Id.* at 292 (stating that "the existence or absence of good cause for delay, together with other compelling circumstances, control the determination" of whether leave should be granted). Other circumstances present in this care are also relevant. First, no prejudice has been demonstrated by Brown. No trial date has been set. There is no indication in the file that Brown has propounded any discovery requests upon either of the Defendants. In fact, prior to the motions filed within the last two weeks, it does not appear from a review of the file that Brown has taken any action to further prosecute this matter. Second, no evidence of bad faith of Pennsylvania General has been demonstrated. Third, Pennsylvania General asserts that it has acted in good faith by submitting an answer and grounds of defense immediately after counsel was retained and conducting discussions with Brown as to the merits of the case and settlement negotiations. In light of the fact that no written objection to the late submission of the answer and grounds of defense was filed by Brown until Pennsylvania General filed its plea in bar, this assertion appears correct. Nor was it contested. Fourth, Pennsylvania General plainly acted promptly once it retained counsel. No apparent action was taken by Brown in moving this case forward until triggered by the plea in bar. Fifth, and perhaps most importantly, Pennsylvania General has presented a substantial defense that, if proven, is reasonably calculated to negate its liability to Brown. Finally, no extenuating factors justified the belief that the suit was abandoned or dormant.

While I do not condone the neglectful delay of Pennsylvania General in failing to properly adhere to the filing deadlines of the Rules of the Virginia Supreme Court, I conclude that the ends of justice will be furthered by permitting Pennsylvania General the extension it seeks. Therefore, I find that Pennsylvania General should be granted leave to extend time to file its answer and ground of defense to January 14, 2004.

## B. *Default Judgment*

Based on my decision to grant Pennsylvania General leave to file its late answer, the motion for default judgment must be denied. While I mentioned, *supra*, that Pennsylvania General's handling of the bill of complaint is not to be condoned, it is also troubling that Brown did not bring a default judgment motion until *after* Pennsylvania General asserted its plea in bar, over three months after the late submission of Pennsylvania General's answer and grounds of defense.

## C. *Leave to Add Liberty Mutual Insurance Co. as Party Defendant*

Brown asserts that Liberty Mutual Insurance Co. should be included in this litigation as a third party defendant. As I indicated from the bench, I agree that Liberty Mutual should be served with a copy of the bill of complaint for accounting and added as a party defendant. Therefore, the motion to add Liberty Mutual is granted.

## D. *Plea in Bar*

In light of the foregoing, I find that it is not appropriate to proceed on Pennsylvania General's plea in bar at this time. First, the plea in bar was not properly before the court, as no leave to file such a pleading was sought or granted. Second, the plea in bar raises an issue that may shift potential liability to another entity that is not currently before this court. Under these circumstances, Liberty Mutual should be afforded an opportunity to respond to the matters raised in the plea in bar. Therefore, the plea in bar is denied without prejudice.

## III. *Conclusion*

As stated, Pennsylvania General's motion for extension of time to file an answer is granted, and its answer and grounds of defense shall be deemed filed as of January 14, 2004. Also, Brown's motion for default judgment is denied. Further, Brown's motion for leave to add Liberty Mutual Insurance Co. is granted, and Brown is directed to promptly serve a copy of the bill of complaint on Liberty Mutual Insurance Company as a party defendant. Finally, Pennsylvania General's plea in bar is denied without prejudice.