# CIRCUIT COURT OF LOUDOUN COUNTY

Eunice Sanders

    v.

Shuttle America
and United Air Lines

August 15, 2008

Case No. CL 49983

BY JUDGE THOMAS D. HORNE

    The instant case is before the Court on the motion of the plaintiff for judgment by default as to the defendant, United Air Lines, and the motion of United to file late responsive pleadings. Plaintiff, Eunice Sanders, complains that she was injured as a result of an accident occurring while a passenger on an aircraft operated by Shuttle America. It is alleged that Shuttle America was operating the aircraft under a code share agreement with United. Shuttle America has agreed to indemnify and defend United as to the claim. In contrast to Shuttle America's timely response to the suit, United failed to respond within twenty-one days of service and is in default.

    After considering the arguments of counsel on their respective motions, the Court took the matter under advisement and afforded United an opportunity to tender affidavits as to the reason for their failure to file a timely response.

    Lynn Smith, Claims/Accounts Manager for Republic Airways Holdings, Inc., of which defendant Shuttle America, Inc., is a subsidiary, stated that the flight that is the subject of this action was operated pursuant to a code share agreement between Shuttle and United Air Lines, Inc. On May 27, 2008, Tom Campuzano, Senior Legal Assistant for United Air Lines, Inc.,

telephoned her and inquired of her as whether Shuttle would accept the indemnity and defense of plaintiff's claim against United in this action pursuant to the code share agreement between United and Shuttle. She is not authorized to make determinations regarding the acceptance of such tenders but rather forwards all such inquiries to Shuttle's insurers and their attorneys. After the May 27, 2008, conversation with Mr. Campuzano, she forwarded notice of the lawsuit to Shuttle's insurers and their attorneys. She anticipated that United would protect its own interests until she received approval of the tender from the insurers. She did not intend to delay the proceedings or otherwise prejudice the rights of the plaintiff. Shuttle, as the party responsible for indemnifying United, will be greatly prejudiced in the event the court were to render judgment by default against United.

Mr. Campuzano likewise tendered an affidavit to the Court in support of United's motion and in opposition to plaintiff's motion for default. In his affidavit, he relates that United was served with the lawsuit on May 21, 2008. The flight in question was operated by Shuttle America, Inc., and United pursuant to a code share agreement that provides Shuttle to bear responsibility for indemnification and defense of United from claims arising out of Shuttle's operation of the subject flight. As Senior Legal Assistant, it was his duty to notify code share partners of claims against United arising under the code share agreement and request the code share partner to accept the tender of defense of such claims. Such tenders of defense are often done informally by phone calls to code share carrier airlines' employees. He had limited dealings with Lynn Smith related to tender matters between United and Shuttle. On May 27, 2008, he telephoned Smith and inquired whether Shuttle would accept United's tender of the defense and indemnity in the suit. He believed, based upon his conversation with Ms. Smith, that Shuttle had accepted the tender and that he did not have to secure separate counsel for United. There was no intent to delay the proceedings or otherwise prejudice the rights of the plaintiff. United would be greatly prejudiced were the motion for a default judgment to be granted.

In determining the respective merits of the positions of the plaintiff and United, the Court must conduct a factor-based analysis. The conclusions drawn from such an analysis are that United was not slothful in its handling of the suit and that the delay does not work a prejudice to the plaintiff's pursuit of her action for damages.

The Court may extend the time for the filing of responsive pleadings even though the time fixed has already expired. Va. Sup. Ct. R. 1:9. Specifically, with respect to parties who have not filed a timely response and are in default, it is provided that:

(b) *Relief from Default* – Prior to the entry of judgment, for good cause shown, the court may grant leave to a defendant who is in default to file a late responsive pleading. Relief from default may be conditioned by the court upon such defendant reimbursing any extra costs and fees, including attorney's fees, incurred by the plaintiff solely as a result of the delay in the filing of a responsive pleading by the defendant.

Va. Sup. Ct. R. 3:19.

Relief from a default is appropriate when "necessary to achieve the ends of justice." *Emrich v. Emrich*, 9 Va. App. 288, 293 (1989). Vigilance in adherence to procedural rules is necessary to ensure a prompt and orderly resolution of disputes. Whether neglect is excusable in a given case is a circumstance unique to the facts giving reason for not adhering to procedural deadlines.

Among those factors that militate against granting leave for late pleadings are negligence, carelessness, inadvertence, and a lack of diligence in responding to a claim. *Id*. Contrariwise, factors that would support the filing of a late pleading:

> [I]nclude a lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, the existence of legitimate extenuating circumstances, and a justified belief that the suit has been abandoned or will be allowed to remain dormant on the docket.

*Id*. (authorities omitted).

To the extent the party requesting a default judgment is prejudiced by the need to expend additional costs and expenses occasioned by the delay, as has been noted, the Rules provide for recovery of such even though the delinquent party is granted leave to file a pleading at a later time than that permitted by the Rules. Va. Sup. Ct. R. 3:19.

Plaintiff has, other than the expenditure of fees and costs in connection with the instant motions, shown no injury to her ability to pursue her claim. No scheduling order has been entered that would define the roadmap this case will follow in the litigation process. The delay was not purposeful or intended to delay justice for the plaintiff.

Plaintiff would suggest that United, by failing to respond, has breached its agreement of indemnification with Shuttle America. Accordingly, she argues that Shuttle America will not be prejudiced by a default judgment against United. However, the very existence of conflict attendant to a default and the agreement between the defendants is a consequence prejudicial to Shuttle America, a defendant who filed a timely response.

Within a week of being served, United's counsel had contacted Shuttle America's claims manager respecting a response to the claim. These two persons had limited dealings with each other, a factor that reasonably explains the subsequent confusion over who would be filing a timely response. Promptly upon plaintiff's filing the instant motion for default, United sought leave to file a late response. There is nothing to suggest that, at this time, there remains anything but a *bona fide* dispute upon the merits of the claim between the parties.

Accordingly, the Court will deny the motion of the plaintiff and grant the motion of the defendant to file late responsive pleadings. However, the Court will condition the filing of such pleadings upon payment of the fees and costs of the plaintiff in the amount of $4,725.00.

Ms. Levy may draw an order consistent with this opinion, granting United until September 7, 2008, to file a responsive pleading in the case and denying the motion for entry of a default judgment against United, to which counsel may note their objection.