# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Brown's Buick, Inc.

v.

Granite State
Insurance Co.

October 29, 2008

Case No. CL08-00339

BY JUDGE LISA B. KEMLER

Before the Court is Defendant's Motion for Extension of Time to File Pleadings and Plaintiff's Opposition and Cross-Motion for Entry of Default Judgment. Subsequent to the hearing on these motions, the Court took the matter under advisement and counsel thereafter submitted supplemental briefs. Having considered the arguments of counsel and the authorities cited therein, the Court grants Defendant's motion for extension of time and denies Plaintiff's motion for entry of default judgment. The reason for the Court's ruling is as follows.

Plaintiff filed its Complaint on September 4, 2008, alleging that Defendant breached its insurance contract with Plaintiff by failing to defend Plaintiff in an action allegedly covered under its insurance policy. The registered agent for Defendant, a Corporation Service Company in Richmond, Virginia, was served with the summons and complaint on September 12, 2008, and Defendant's claims administrator, AIG Domestic Claims, Inc., received the summons and complaint on September 18, 2008. On September 24, 2008, the case was assigned to Richard M. Wolff, a director, however, Mr. Wolff was out of the office on business travel. Responsive pleadings were due by October 3, 2008. Upon his return to the office on October 6, 2008, Mr. Wolff immediately forwarded the summons and complaint to defense counsel. Defendant filed its motion for an

extension of time on October 8, 2008, and argues that the delay in filing a responsive pleading was not for dilatory purposes, the motion seeking an extension of time was filed less than a week after the responsive pleading was due, that there is no evidence Plaintiff will suffer any prejudice in that the underlying facts supporting Plaintiff's action occurred in 2003 and 2004, and Defendant believes it has substantial defenses. In addition, counsel for Defendant certified that attempts were made to contact Plaintiff's counsel prior to filing the motion for extension of time. In opposition to Defendant's motion, Plaintiff argues that, pursuant to Rule 3:19 of the Rules of the Supreme Court of Virginia, Defendant is in default and has failed to prove "good cause" for failing to timely file responsive pleadings.

Rule 1:9 of the Rules of the Virginia Supreme Court states, in relevant part, as follows:

> The time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired. . . .

Regarding the purpose for "prescribing the time within which a defendant may and shall file his answer or other defense," in *Worsham v. Nadon*, 156 Va. 438, 446, 157 S.E. 560, 562 (1931), the Court stated "[i]ts purpose is to prevent unconscionable delay in an orderly procedure in a [ . . . ] cause being caused by dilatory tactics on the part of the defendant or by the neglect of the defendant, where the plaintiff has shown due diligence on his part in the prosecution of the cause." While proof of "good cause" for the delay in filing responsive pleadings must be shown in order to prevail in an action under Virginia Code § 8.01-428(D) to set aside a default judgment, Rule 1:9 does not specifically require such a showing. *Emrich v. Emrich*, 9 Va. App. 288, 292, 387 S.E.2d 274, 276 (1989). In determining whether leave to file a late pleading should be granted, "the existence or absence of good cause for the delay, together with the other compelling circumstances, control the determination." *Id.* Factors which the court may consider in deciding whether to exercise discretion to grant a motion for an extension of time include, but are not limited to, "lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, [and] the existence of legitimate extenuating circumstances. . . ." *Emrich*, 9 Va. App. at 293, 387 S.E.2d at 276 (internal citations omitted).

Although this is not a case where a default judgment has been entered, it is well settled that default judgments are not favored and there is a preference for deciding underlying issues on the merits. *Grant v. John Doe*, 31 Va. Cir. 254, 255, 1993 Va. Cir. LEXIS **3 (1993). Moreover, "when defendants have acted in good faith and not caused egregious delay, courts should exercise their discretion to allow adjudication on the merits." *Mack v. Starwood Hotels and Resorts Worldwide, Inc.*, 57 Va. Cir. 390, 393, 2002 Va. Cir. LEXIS **7 (2002).

Finding that Plaintiff waited more than four years before filing its Complaint, that Defendant's failure to timely file a responsive pleading was not due to any dilatory tactics on Defendant's part, that Defendant filed a motion for extension of time to file pleadings less than one week after a responsive pleading was due, that an extension would not prejudice Plaintiff, and that there may exist substantial defenses, Defendant is granted leave to file responsive pleadings within seven days of the date of this letter, and Plaintiff's motion for entry of default judgment is denied.