# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Beatrice H. Tarpley

v.

City of Martinsville

February 9, 2011

Case No. CL10000228-00

By Judge G. Carter Greer

On November 22, 2010, the plaintiff filed her complaint, seeking compensatory damages from the City of Martinsville as a result of personal injuries that she sustained on January 29, 2009. The proof of service shows that, on November 24, 2010, Deputy Sheriff Turner of the Martinsville Sheriff's Office delivered a summons, together with a copy of the complaint, to Karen Walker at the city attorney's office.

The plaintiff also requested service of process on the City Manager and Mayor, who received copies of the pleading on November 24th and December 13th respectively; however, in delivering process to these officials, the plaintiff failed to obtain valid service of process on the City in accordance with Va. Code § 8.01-300. Nonetheless, the effect of this invalid service of process is inconsequential.

On December 28, 2010, the City filed a motion to quash service of process or, in the alternative, to request leave to file late responsive pleadings. On the same date, the City also filed an answer, the validity of which depends upon the court's ruling below.

The court held an evidentiary hearing on February 3, 2011, and finds the following facts. Eric Monday, who works on a part-time basis as the city attorney, was out of the office on November 24, 2010. When Mr. Monday is not in the office, Karen Walker, Mr. Monday's secretary, works for the city manager. Whether performing services for the city attorney or the city manager, Ms. Walker works at her desk in the city attorney's office, which remains open five days a week. Upon returning to the office on November 30th, Mr. Monday saw the summons and complaint, which Ms. Walker

had placed on his desk. Mr. Monday then asked Ms. Walker to forward the suit papers to Scott Martin, the City's adjustor with the Virginia Municipal League's self-insurance pool. Ms. Walker sent the suit papers via e-mail to Mr. Martin, but there is no document in existence confirming when that was done as the City was having trouble with its e-mail server at the time.

The applicable statute is Va. Code § 8.01-300, which states in pertinent part as follows:

> Notwithstanding the provisions of § 8.01-299 for service of process on other domestic corporations, process shall be served on municipal and county governments and quasi-governmental bodies or agencies in the following manner: 1. If the case be against a city or a town, on its city or town attorney in those cities or towns which have created such a position. . . .
> *Service under this section may be made by leaving a copy with the person in charge of the office* of any officer designated in subdivisions 1 through 4.

(Emphasis added). The City argues that, since Ms. Walker was working for the city manager and not the city attorney on November 24th, she was not a person in charge of the city attorney's office on that date. Consequently, the City maintains that Ms. Walker was not authorized to accept service of process on the City's behalf and that such service was defective. The plaintiff argues that, regardless whether Ms. Walker was working in her capacity as secretary to the city attorney or the city manager, Ms. Walker was authorized to accept service of process on the ground that, *inter alia*, the city attorney's office, which has a "City Attorney" sign on the door, was where she was working.

The court agrees with the plaintiff. In the court's view, it makes no difference what "hat" Ms. Walker is wearing on a particular day, nor should the public be required to make such a distinction. The office of the city attorney was not closed on November 24th just because Mr. Monday happened not to be working on that particular date. The office was, in fact, open to the public, and Ms. Walker was working at her desk in the city attorney's office. The court is of opinion that Ms. Walker was a person "in charge of the office," within the meaning of the statute, and the motion to quash is denied.

Turning now to the City's request to file late responsive pleadings, the court observes that, since service of process on the city attorney was valid, the last date for the City to file a timely answer was December 15th. The City argues that, under Rule 1:9 "[t]he time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired. . . ." *Id.* In

addition, the City argues that there are circumstances that support the exercise of discretion, such as the lack of prejudice to the opposing party and the existence of a substantial defense. *See Emrich v. Emrich*, 9 Va. App. 288, 387 S.E.2d 274 (1989). In this case, there was a thirteen day delay in filing an answer, which can hardly be described as significant, and the court can discern no prejudice to the plaintiff by the late filing. Under these circumstances, the court believes that, in the exercise of sound discretion, the City should be permitted to file a late answer. Therefore, the motion to file a late answer is granted.