# Richmond

LOUISE ROSE WESTFALL v. HOBART S. WESTFALL.

June 21, 1954.

Record No. 4231.

Present, Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Daniel A. Cerio*, for the appellant.

*Bean & Sizemore*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

On May 1, 1952, Hobert S. Westfall filed a bill for divorce *a vinculo* against his wife, Louise Rose Westfall, in the Circuit Court of Fairfax county, on the ground of willful desertion for more than two years. Code, § 20-91.[1] The bill alleged that the defendant wife was a resident of Fairfax county, and the record shows that process was served on her by posting a copy at the front door of her usual place of abode. Code, § 20-98.

On February 9, 1953, a decree was entered referring the cause to a commissioner in chancery to ascertain whether the necessary grounds existed to give the court jurisdiction and whether the defendant wife had deserted and abandoned the plaintiff "without justification or excuse."

On February 19 the defendant, by counsel, filed a motion praying that she be permitted to file her answer to the bill although the twenty-one days within which the answer was required to be filed under Rule 2:11 of this court had expired. This motion was opposed by counsel for the plaintiff husband, and on April 7 the lower court entered a decree in which, after making the recital,

" * * * that the defendant herein is now receiving payments of separate maintenance from the complainant, pursuant to *pendente lite* decree entered in Chancery No. 5654-A, Arlington County Circuit Court, and in the interest of providing for the termination of litigation between the parties it is desirable that all matters between the parties be settled in one proceeding,"

---

[1] As amended by Acts 1952, ch. 100, p. 110, the required period of desertion was reduced to *one* year.

it was adjudged and decreed "that the defendant be, and she hereby is, permitted to file an answer to the bill of complaint herein on or before April 3, 1953,[2] provided she also file either prior to or simultaneously with said answer a cross bill of complaint seeking a decree of separate maintenance from the complainant herein."

The decree contained the further provision "that if said answer and cross-bill of complaint are not filed within the time above specified, this cause may be immediately set down for hearing pursuant to the Decree of Reference heretofore entered, or, in the event said answer and cross-bill of complaint are filed within the time specified, this cause may be set down for hearing in accordance with said Decree of Reference immediately upon the filing of pleadings herein by complainant responsive thereto."

The defendant filed no answer or cross-bill pursuant to this decree.

The defendant wife having been served with notice that the plaintiff husband would take the depositions of his witnesses before the commissioner on April 22, appeared at the scheduled time in person and by counsel. The plaintiff husband proceeded to examine his witnesses, whose testimony tended to support the allegations of the bill. The defendant wife asked, but was denied, the right to cross-examine the plaintiff's witnesses. The defendant likewise requested, and was denied, the privilege of giving her own testimony and taking that of three other witnesses before the commissioner. She offered the commissioner the opportunity of examining her and her witnesses, and this offer likewise was declined. In his report the commissioner based his rulings upon the fact that the defendant had failed to file her answer and cross-bill within the time prescribed by the decree.

---

[2] The error in fixing this date, which had passed, was obviously due to the fact that the decree, as drafted, recited that it was to be entered on March 24.

The commissioner further reported to the court that the evidence adduced before him had established the necessary facts to give the court jurisdiction of the parties and of the cause of action; that the defendant wife had deserted and abandoned the plaintiff husband without justification or excuse; that such desertion had continued for more than two years; that there was no possibility of a reconciliation between the parties; and that, therefore, the plaintiff husband was entitled to a divorce *a vinculo* from the defendant wife, as prayed in the bill.

The defendant wife filed exceptions to the report of the commissioner, challenging his rulings in not allowing her to cross-examine the plaintiff's witnesses, or introduce any testimony on her behalf, as well as the finding that the plaintiff was entitled to a divorce upon the evidence adduced.

From a decree overruling the exceptions to the commissioner's report and holding that the plaintiff was entitled to a divorce upon the evidence adduced, this appeal has been allowed. The parties will be referred to as they appeared in the court below.

The defendant makes these contentions:

(1)   The lower court erred in not permitting her to file an answer to the bill of complaint and assert her defense in the suit, without conditioning such filing and defense upon her filing a cross-bill as directed by the decree of April 7, 1953.

(2)   The lower court erred in not rejecting the commissioner's report on the ground that it showed on its face that the defendant had been denied the right to cross-examine the plaintiff's witnesses and the right to introduce any evidence in defense of the suit.

The substance of the plaintiff's position is that the time within which the defendant was permitted to file her answer having expired, the extension of time and prescribing the condition for such filing were within the sound discretion of the trial court; that since the defendant failed to file an answer within the time fixed by the terms of

the decree she had no right to participate in the hearing, or offer any evidence before the commissioner.

The issues thus presented involve the interpretation and application of Code, § 20-99, prescribing how divorce suits shall be instituted and conducted, and the following rules of this court governing equity practice and procedure:

Code, § 20-99. *"How such suits instituted and conducted; costs.*—Such suit shall be instituted and conducted as other suits in equity, except that the bill shall not be taken for confessed, nor shall a divorce be granted on the uncorroborated testimony of the parties or either of them; and, whether the defendant answer or not, the cause shall be heard independently of the admissions of either party in the pleadings or otherwise; and no process or notice in such proceedings shall be served in this State, except by officers authorized to serve the same. Costs may be awarded to either party as equity and justice may require."

Rule 2:7. *"Defendant's Response.*—A defendant may within twenty-one (21) days after service on him of the subpoena file in the clerk's office his pleadings in response. * * * "

Rule 2:8. *"Docketing upon Default.*—If a defendant fails to file a pleading within twenty-one (21) days after service on him of the subpoena, the cause is set for hearing and docketed as to such defendant upon the bill taken for confessed as to him.

"In suits for annulling a marriage or for divorce, however, the bill is not taken for confessed."

Rule 2:11. *"Answer.*—When the court has entered its order overruling all pleas in abatement, demurrers and other pleas filed by a defendant, such defendant shall, unless he has already done so, file his answer within twenty-one (21) days after the entry of such order, or within such shorter or longer time as the court may prescribe. If he fails to do so the bill shall, except in suits for annulling a marriage or for divorce, stand taken for confessed as to him. * * * "

Rule 2:23. *"Court's Control Over Maturing Causes—Ex-*

*tensions of Time.* * * * The time allowed for filing pleadings may be extended by the court in its discretion, and such extension may be granted though the time fixed has already expired; provided, however, that the time fixed by Rule 2:10 for filing pleas in abatement shall in no case be extended. * * * "

■ In *Raiford* v. *Raiford,* 193 Va. 221, 227, 228, 68 S. E. (2d) 888, 892, 893, we pointed out that Code, § 20-97, prescribing the domicile and residential requirements for divorce suits, and section 20-99, prescribing how such suits are to be instituted and conducted, show that there are marked differences between suits for divorce and other suits in equity. Among these differences are that the bill shall not be taken for confessed or a divorce granted on the uncorroborated testimony of the parties or either of them, and that, whether the defendant answers or not, the cause shall be heard independently of the admissions of either party in the pleadings or otherwise. Rules 2:8 and 2:11 were designed to preserve the difference between divorce suits and other suits in equity.

The reason for such difference is that unlike other civil actions the dissolution of the marriage bond concerns not merely the immediate parties to the suit, but the State as well, and "it is the duty of the court to see that the public policy of the State expressed in the statutes cited is not violated." (*Raiford* v. *Raiford, supra,* 193 Va., at page 228, 68 S. E. (2d), at page 893.)

In furtherance of this declared public policy it has long been the practice in this State to require that the allegations of a bill for divorce, whether denied by answer or not, be proved by full, clear and adequate evidence. *Hampton* v. *Hampton,* 87 Va. 148, 150, 12 S. E. 340.

■ Rules 2:7 and 2:11, requiring the filing of the response or answer in an equity suit within the specified time, like their predecessor, Code, § 8-121, were designed to expedite the cause by commanding a timely presentation of defenses and thus prevent a delay through dilatory tactics on

the part of the defendant. *Eagle Lodge* v. *Hofmeyer,* 193 Va. 864, 870, 71 S. E. (2d) 195, 198.

By the express terms of Rule 2:23 the extension of the time for filing pleadings, including an answer, is left to the discretion of the trial court. Whether such discretion has been properly exercised will, of course, depend upon the circumstances of the particular case.

There is nothing in the record before us to indicate that the failure of the defendant to file her answer in any way delayed the progress of the cause. Although the suit was instituted on May 1, 1952, and shortly thereafter process was served on the defendant, the plaintiff took no steps to further the progress of the cause until nearly a year thereafter when he presented the decree of reference entered on February 9, 1953. Within ten days thereafter the defendant wife filed her written motion asking for permission to file her answer in the cause.

It appears on the face of the decree which passed on the wife's motion and gave her a conditional leave to file her answer, that she had a substantial defense to the divorce suit. The decree recites that she was then "receiving payments of separate maintenance from the complainant, pursuant to [a] *pendente lite* decree" entered in a chancery cause in the Circuit Court of Arlington county. While the record in the wife's suit for separate maintenance against the husband is not before us, the fact that she was awarded a decree therein indicated that she had a substantial defense to the husband's allegation in the present divorce suit that she had voluntarily deserted him without just cause.

In this situation and in furtherance of the declared public policy of the State that the dissolution of a marriage bond should not be decreed without adequate proof of legal cause therefor, the lower court should have permitted the defendant wife to file her answer to the bill in the present divorce action. Indeed, we interpret the decree of April 7, 1953, as holding that she was entitled to file such answer and assert her defense to the divorce action, but it conditioned such

right upon her filing with her answer a cross-bill praying for an award for separate maintenance in this suit.

We are of opinion that imposing such condition on the filing of the defendant wife's answer was error. The plaintiff husband's bill in the present divorce suit alleges that he is a resident of Arlington county, and consequently the venue of the wife's suit for separate maintenance against him was properly laid in the circuit court of that county. Code, § 8-38; *Heflin* v. *Heflin,* 177 Va. 385, 14 S. E. (2d) 317, 141 A. L. R. 391.

It is stated in the brief of the defendant wife and was admitted in the oral argument before us, that the wife's suit for separate maintenance was instituted several months prior to the institution of the present suit for divorce by the husband against the wife. If that be true, notwithstanding the jurisdiction of the Circuit Court of Fairfax county to adjudicate the wife's right to separate maintenance in the present divorce action, the Circuit Court of Arlington county, which first took jurisdiction of the matter, had priority over, and the right to conclude, that cause of action. *Owens* v. *Commonwealth,* 129 Va. 757, 761, 105 S. E. 531; *Craig* v. *Hoge,* 95 Va. 275, 279, 28 S. E. 317; 11 Mich. Jur., Jurisdiction, § 30, p. 453 *ff.*

Moreover, it appears from the recital in the decree of April 7, 1953, entered in the present divorce suit, that the wife's suit for separate maintenance had progressed to such a point that she had obtained a favorable decree therein before the present divorce suit was pressed for trial. She should not have been required to surrender the rights which she had obtained in that suit as a condition to defending the present suit. When the divorce action was brought she had the election to proceed with her action for separate maintenance in the Circuit Court of Arlington county, or to file a cross-bill and assert such claim in the divorce action. Having elected the former course of action she should not have had the latter forced upon her.

For these reasons we are of opinion that the decree ap-

pealed from should be reversed, the report of the commissioner set aside, the defendant wife permitted to file her answer in the present divorce suit, to cross-examine the witnesses who testified on behalf of the plaintiff husband before the commissioner, and to offer such evidence on her behalf as may be proper and relevant, either before the commissioner or in such manner as the court may direct.

Having reached this conclusion it is not necessary that we discuss the other questions presented by the assignments of error.

*Reversed and remanded with directions.*