## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Bruce W. Greene

v.

Byron Smith and
The City of Clifton Forge

September 25, 1979

By JUDGE ROSCOE B. STEPHENSON, JR.

The City of Clifton Forge (City) has moved the Court to permit it to file responsive pleadings after the expiration of twenty-one days from service of the notice of motion for judgment on it. The plaintiff resists this motion and contends that the Court should enter a default judgment against the City.

The pertinent facts are not in dispute. The plaintiff filed its motion for judgment on September 16, 1978, against Byron Smith (Smith) and the City whereby he seeks damages for personal injuries allegedly caused by the negligence of Smith, an agent and employee of the City. Service of process on the City was accomplished by serving the notice of motion for judgment on the City Attorney, John B. Curry, II, Esquire, on September 21, 1978. No service of process has been made on Smith. Thereafter, on October 4, 1978, and within twenty-one days after service of process on the City, the City Attorney prepared a responsive pleading on behalf of the City, signed the original and an exact copy for opposing counsel, and instructed his secretary to file the original with the Clerk of this Court and to mail the copy to plaintiff's counsel. A few days later, the secretary for the City Attorney left his employ and was replaced by another. The City Attorney assumed his secretary carried out his instructions and knew nothing to the contrary until August 27, 1979, when one of the plaintiff's attorneys asked the City Attorney if he was aware that no responsive pleading had in fact been filed on behalf of the City. The

City Attorney was surprised by this remark and, upon promptly examining his office file, discovered that the pleading was in that file. The City Attorney called the plaintiff's attorney at his home that night, and the following morning, he prepared and filed a motion for leave of Court to file a late pleading. The motion was argued before the Court on September 6, 1979. The plaintiff, up until September 6, 1979, had taken no further actions before the Court to further the progress of his case.

Resolution of this question requires an application of Rule 1:9 of the Rules of the Supreme Court of Virginia, which reads:

### Rule 1:9. Discretion of Court.

All steps and procedures in the Clerk's Office touching the filing of pleadings and the maturing of suits or actions may be received and corrected by the Court.

The time allowed for filing pleadings may be extended by the Court in its discretion and such extension may be granted although the time fixed already has expired; but the time fixed for the filing of a motion challenging the venue shall in no case be extended except to the extent permitted by § 8.01-264.

This Rule expressly provides that extending the time for filing pleadings is discretionary with the trial court, and that an "extension may be granted *although the time fixed already has expired*." (Emphasis added.) The proper exercise of the Court's discretion depends upon the circumstances of the particular case. *Westfall* v. *Westfall*, 196 Va. 97, 82 S.E.2d 487 (1954).

In the present case, the City's attorney acted with dispatch in preparing its responsive pleading. While it may be argued that he should have followed up on the directions he gave to his secretary, it is a matter of common knowledge that busy lawyers must of necessity rely upon their lay personnel to carry out the routine matters in their law offices. After filing suit, the plaintiff took no further steps before the Court to further the progress of his case. To this date, he has not had Smith served with process. Under the pleadings, the City

would only be liable if its agent and employee, Smith, were liable. As soon as the City's attorney learned of his secretary's mistake, he promptly sought leave of Court to file the City's pleading.

Although *Westfall* was a chancery (divorce) suit, the following language taken from the Court's opinion seems applicable to the present case:

> There is nothing in the record before us to indicate that the failure of the defendant to file her answer in any way delayed the progress of the cause. Although the suit was instituted on May 1, 1952, and shortly thereafter process was served on the defendant, the plaintiff took no steps to further the progress of the cause until nearly a year thereafter when he presented the decree of reference entered on February 9, 1953. Within ten days thereafter the defendant wife filed her written motion asking for permission to file her answer in the cause. 196 Va. at 103, 82 S.E.2d at 490.

The Court is of the opinion that, under the facts and circumstances of the present case, the ends of justice will best be served by permitting the City to file its pleading and defend this suit.