COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


SOLON NEIL XENIAS

                                    MEMORANDUM OPINION[*]
v.    Record No. 1473-00-2              PER CURIAM
                                     NOVEMBER 7, 2000
BETTY LOUISE XENIAS


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Herbert C. Gill, Jr., Judge

              (George H. Edwards; George H. Edwards, J.D.,
              P.C., on brief), for appellant.

              (Gregory R. Waddell; Coates & Davenport, on
              brief), for appellee.


     Solon Neil Xenias (husband) appeals the decision of the

circuit court denying his motion to file a late answer and

granting a bill for separate maintenance.  On appeal, husband

contends that (1) the trial court abused its discretion by

refusing to allow the filing of a late answer; and (2) a bill

for separate maintenance cannot be granted without alleging

cruelty or desertion on the part of the defendant or without

alleging that the plaintiff is faultless in the separation of

the parties.  Husband asks that the order for separate

maintenance be dismissed or that the case be remanded and he be

granted an extension of time to file responsive pleadings.  Upon

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  <u>See</u> <u>McGuire v. McGuire</u>, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

Procedural Background

Betty Louise Xenias (wife) filed a bill of complaint in the circuit court seeking an award of separate maintenance from husband.  Wife sought a court order to require husband to pay the support amount agreed to in their property settlement agreement.  Neither husband nor his attorney appeared to defend the case, and the trial judge entered judgment for wife.  Husband then filed a motion requesting leave to file a late answer to wife's bill of complaint.  The trial court denied the motion in the final order entered on May 22, 2000.

I.

Husband contends that the trial court abused its discretion by denying his motion to file late pleadings.  Rule 1:9 of the Rules of the Supreme Court of Virginia states that "[t]he time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed has already expired."  "[W]hether such discretion has been properly exercised will, of course, depend on the circumstances

- 2 -

of the particular case." Westfall v. Westfall, 196 Va. 97, 103, 82 S.E.2d 487, 490 (1954). Due to poor health, mounting medical bills, and no income of her own, wife was in need of a quick resolution to this case. Husband was already in arrears of his contractual obligation to pay spousal support at the time this action began. The court was free to conclude that husband's attempt at late filing was simply a delaying tactic and posed an undue burden on wife. In light of these circumstances, we cannot say that the court abused its discretion in denying husband's motion.

## II.

Husband contends that an award of separate maintenance requires a showing of fault on the part of the defendant. This argument is without merit. Code § 20-109(C) states that in suits for separate maintenance in which a contract has been entered into the court shall only enter an order or decree that follows the terms of the contract. The statute makes no reference to the necessity of alleging fault in order to be eligible for separate maintenance. Because the parties in this case had a valid separation agreement in place, the court was bound to follow its terms. This agreement called for husband to make monthly payments to wife and to pay for her medical insurance and medical expenses. The court did not err in granting this relief.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.