# CIRCUIT COURT OF FAIRFAX COUNTY

Jeffrey Fletcher

v.

Inova Health Care
Services et al.

August 2, 2006

Case No. (Law) No. 2006-1884

BY JUDGE RANDY I. BELLOWS

This matter comes before the Court on Plaintiff's Motion for Default or Other Relief. The Court heard argument on July 21, 2006, and took the matter under advisement. Having now thoroughly reviewed the papers, as well as the pertinent authority, this matter is ripe for decision.

Essentially, Plaintiff moves this Court to deem Defendants in Default or to deem Plaintiff's Complaint fully admitted alleging two distinct theories. First, Plaintiff argues that Defendants' Amended Answer was untimely filed. Second, Plaintiff argues that Defendants' Amended Answer was insufficient as a matter of law.

As to the timeliness of Defendants' Amended Answer, the Amended Answer was due on Friday, May 12, 2006, and was not filed until Monday, May 15, 2006.

Rule 3:19 of the Rules of the Supreme Court of Virginia requires that a defendant file a responsive pleading within twenty-one days or be in default. However, Rule 1:9 provides that, "[t]he time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired." Va. Sup Ct. R. 1:9.

Plaintiff argues that this Court should not exercise its discretion, pursuant to Rule 1:9, to deem Defendants' Amended Answer timely filed because Defendants have failed to show good cause for filing the Amended Answer late.

While good cause is certainly a factor in deciding whether to exercise the Court's discretion and "[w]hile the statutory predecessors to Rule 1:9 (former Code § 8-121) required a showing of good cause for the delay in order to obtain an extension, Rule 1:9 does not explicitly contain such a provision." *Emrich v. Emrich*, 9 Va. App. 288, 293, 387 S.E.2d 274 (1989).

Moreover, this Court is not persuaded that this is an instance where a party has attempted to delay making a full defense through dilatory tactics. "By definition, a dilatory delay is an unreasonable or bad faith delay. . . ." *Emrich v. Emrich*, 9 Va. App. 288, 291, 387 S.E.2d 274 (1989). While the Court certainly does not condone Defendants' failure fully to comply with the filing deadlines set by this Court and the Rules of the Supreme Court of Virginia, Defendants' *de minimis* tardiness has neither prejudiced Plaintiff nor risen to the level of inexcusable conduct. Further, while the showing of good cause has also been slight, there is no clear evidence of bad faith. Accordingly, this Court finds that the ends of justice are better served by deeming Defendants' Amended Answer timely filed.

Next, the Court addresses the sufficiency of Defendants' Amended Answer. On April 28, 2006, Judge Roush granted Defendants leave to file an Amended Answer with the strong admonition that Defendants were under an obligation to make a good faith effort to "admit what can be admitted, deny what has to be denied, and say you do not have information for what you truly do not have any information for."

Having carefully reviewed each contested paragraph of Plaintiff's Complaint, Defendants' Amended Answer, Plaintiff's Motion for Default or Other Relief, and Defendants' Opposition to Plaintiff's Motion, this Court is of the Opinion that the Amended Answers, when read in conjunction with Defendants' Opposition to the instant motion, are sufficient. That is not to say that Defendants could not have expanded upon their Amended Answer and wholly avoided the present dispute. However, at this stage, Defendants have sufficiently complied with the requirements of Va. Code Ann. § 8.01-271.1, Rule 1:4(a), and Judge Roush's April 28, 2006, Order and, accordingly, Plaintiff's Motion is denied.

Rule 1:4(a) provides that "[c]ounsel tendering a pleading gives his assurance as an officer of the court that it is filed in good faith and not for delay." Virginia Code § 8.01-271.1 provides that, "[t]he signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Va. Code Ann. § 8.01-271.1; *see also Goodin v. Goodin*, 42 Va. Cir. 89, 93 (1997) (holding that a "duty of reasonable inquiry arises each time a paper or motion is filed").