# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Stephanie Nauman
and David Nauman

v.

Lynn Samuels
and Page Memorial Hospital

July 10, 2007

Case No. CL05-229

BY JUDGE EDWARD L. HOGSHIRE

On November 21, 2005, Plaintiffs, Stephanie and David Nauman, filed a Motion for Judgment (MFJ) against Defendants Lynn Samuels, M.D., and Page Memorial Hospital, claiming medical malpractice and wrongful death due to Defendants' negligent care of Plaintiffs' five-year-old daughter. Defendants filed responsive pleadings, challenging venue, but did not file an answer. Defendants' counsel finally tendered an answer to the Court several months after the venue issue was resolved. Plaintiffs now seek default judgment for Defendants' failure to file a timely answer. For the reasons stated below, the Court denies Plaintiffs' Motion for Default Judgment and grants Defendants' Motion for Leave to File Late Responsive Pleadings.

## Statement of Facts

The facts relating to Plaintiffs' motion are not disputed. Neither party raised an objection to facts alleged in the pleadings at the Hearing of June 14, 2007. On January 26, 2006, Defendants filed responsive pleadings to Plaintiffs' MFJ, objecting to venue. On October 4, 2006, during the second of three venue hearings, the parties scheduled a four-day jury trial for September

10–13, 2007. Defendants' counsel had vigorously pursued his motion to transfer venue, complying with all filing deadlines. The parties proceeded through discovery, scheduling depositions and communicating extensively via e-mail. On November 7, 2006, in the presence of counsel, the Court entered an order overruling the venue objection. The parties, by agreement, scheduled the depositions of the decedent's parents and defendant, Lynn Samuels, M.D., on January 16, 2007. After some scheduling conflicts, counsel agreed to depose the parties on April 11, 2007. However, on April 5, 2007, Plaintiffs' counsel sent Defendants' counsel a letter, asking if Defendants had filed an answer to the MFJ. Plaintiffs' counsel was apparently unaware that an answer had not been filed previously. Defendants' counsel admitted he inadvertently failed to file a timely answer, and he filed the Answer on April 9, 2007. Subsequently, on April 11, Plaintiffs filed a Motion for Entry of Default Judgment, citing as grounds Virginia Supreme Court Rules 3:8(6) and 3:19(a), noting that Defendants had failed to file a response with 21 days of the Order entered November 7, 2006. Defendants then filed its Opposition to Plaintiffs' Motion for Entry of Default Judgment on May 16, 2007.

*Issue*

The issue before the Court is whether Plaintiffs are entitled to default judgment due to defense counsel's delay in filing an answer following entry of the Order denying the motion to transfer venue.

*Analysis*

Virginia law grants defendants 21 days to file an answer after the court enters an order overruling all of the defendant's motions, demurrers, or pleas.[1] Rule 3:19(a) provides that a defendant is in default if the defendant fails to file within 21 days. *Id.* 3:19(a). However, 3:19(b) allows a party in default to file a late responsive pleading if the party shows "good cause." *Id.* 3:19(b). Rule 1:9 additionally permits courts to exercise discretion to extend the filing time for responsive pleadings. *Id.* 1:9; *see Herndon v. Wickham*, 198 Va. 824, 97 S.E.2d 5, 7 (1957) (explaining that courts must read Rule 3:19(b) in

---

[1] Va. Sup. Ct. Rule 3:8(b) ("When the court has entered its order overruling all motions, demurrers and other pleas filed by a defendant, such defendant shall, unless the defendant has already done so, file an answer within 21 days after the entry of such order, or within such shorter or longer time as the court may prescribe.").

connection with Rule 1:9, providing the trial court with deference to decide whether to extend the deadline for filing pleadings). Virginia courts have held that such discretion is contingent on the particular facts of each case. *Westfall v. Westfall*, 196 Va. 97, 82 S.E.2d, 487 (1954). Factors important to a court's analysis include: prejudice to the moving party, whether the defendant's failure to file constitutes "excusable neglect," and whether an extension to file pleadings would promote the "ends of justice." *See Emrich v. Emrich*, 9 Va. App. 288, 387 S.E.2d 274, 275-76 (1989) (discussing the first two factors and noting that the list of factors is not exhaustive); *see Greene v. Smith*, 4 Va. Cir. 488, 1979 Va. Cir. LEXIS 36, at \*\*4 (Clifton Forge 1979) (explaining how a court satisfies the "ends of justice" in particular circumstances).

The Virginia Court of Appeals, in *Emrich*, stated that trial courts may permit parties to file late pleadings under a standard which later courts have termed, "excusable neglect." *Emrich*, 387 S.E.2d at 275-76; *see e.g. Jay-Ton Constr. Co. v. Bowen Constr. Servs.*, 62 Va. Cir. 414, 2003 Va. Cir. LEXIS 289, at \*\*41 (Portsmouth 2003). In *Emrich*, the defendant failed to respond to a divorce complaint within 21 days and did not appear at the depositions. The defendant argued that her failure to answer the complaint was based on her husband's deceptive representations that he would abandon the suit. The trial judge denied the wife's motion to file a late response and granted default judgment. In reversing the trial court, the *Emrich* court explained that the "existence or absence of good cause for the delay, together with other compelling circumstances, control the determination" to grant or deny a motion to file late pleadings. *Id*. The "compelling circumstances" include: "lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, [and] the existence of a meritorious claim. . . ." *Id*. at 276. The court emphasized that these factors were not exhaustive, and that, ultimately, the trial court has discretion to fashion the standard depending on the facts of the particular case, "it being impossible to lay down a rule which will be binding in all cases." *Id*. (*quoting Eagle Lodge v. Hofmeyer*, 193 Va. 864, 71 S.E.2d 195, 198 (1952)).

Virginia circuit court decisions show a similar trend toward extending pleading deadlines rather than imposing default judgment. *See Jay-Ton*, 2003 Va. Cir. LEXIS 289, at \*\*51-52. In *Jay-Ton*, the defendants had contracted with Portsmouth Associates for services relating to the construction of a K-Mart. The defendants also entered a subcontract with the plaintiff for services relating to the defendant's prime contract with Portsmouth Associates. The plaintiff rendered services until work stopped under the prime contract because K-Mart filed for bankruptcy. The plaintiff,

seeking damages for the balance of the subcontract, filed suit against the defendants for breach of contract. The defendants then filed a grounds of defense, in which they provided an affirmative defense based on a provision of the subcontract, barring the plaintiff's claim. *Id.* at \*\*3. The defendants next filed a Motion for Summary Judgment and claimed that, according to Rule 3:11, the affirmative defense "set up a new matter," requiring the plaintiffs to file a response within 21 days from service of the grounds of defense.[2] *Id.* at \*\*4. The plaintiffs subsequently filed a Motion to File Reply after 21 days, and the court considered the proper standard for reviewing the late reply. *Id.* at \*\*6.

In granting permission to file a late response, the *Jay-Ton* court, after extensive review of recent state and federal cases addressing the issue, adopted the "excusable neglect" standard from *Emrich*. *Id.* at \*\*41, \*\*52. The court stated that the "excusable neglect" standard "focus[es] on the source of the default, and this focus represents an equitable balance between the preference for trials on the merits and the judicial system's need for finality and efficiency in litigation that provides equitable treatment to all litigants." *Id.* at \*\*41. Further, the *Jay-Ton* court observed a consistent pattern among various circuit court opinions to find that "when a party is blameless and an attorney is at fault, the [preference for trial on the merits is] given more weight and default is less likely." *Id.* at \*\*41-42.

Thus, while both *Emrich* and *Jay-Ton* adopted the "excusable neglect" standard, neither court directly defined "good cause" as it relates to Rule 3:19(b). Va. Sup. Ct. Rule 3:19(b). The *Emrich* court, however, described several circumstances where courts could refuse to grant an extension for late pleadings based on a party's inadequate legal excuse. For example, the court stated: "inadvertence . . . does not constitute a reasonable or legal excuse." *Emrich*, 387 S.E.2d at 276 (*citing Cooper v. Davis*, 199 Va. 472, 100 S.E.2d 691, 694-95 (1957)). While the court explained that inadvertence was not a defense against the court's use of discretion to deny a defendant's request to extend filing deadlines, the court did not go so far as to say that an attorney's claim of inadvertence coupled with "compelling circumstances" could never constitute "good cause."

---

[2] Va. Sup. Ct. Rule 3:11 ("If a pleading, motion, or affirmative defense sets up new matter and contains words expressly requesting a reply, the adverse party shall within 21 days file a reply admitting or denying such new matter. If it does not contain such words, the allegation of new matter shall be taken as denied or avoided without further pleading. . . .").

Additionally, in *J. B. Rhodenhizer Constr., Inc. v. Jupiter McGill Hous. Group, L.L.C.*, the court entered default judgment against the defendants for failing to file responsive pleadings to the plaintiff's motion for judgment. *J. B. Rhodenhizer Constr., Inc. v. Jupiter McGill Hous. Group, L.L.C.*, 50 Va. Cir. 357, 1999 Va. Cir. LEXIS 443, at **1 (Rockingham County 1999). Although the court refused to extend the pleadings deadline, it acknowledged *Emrich's* list of "compelling circumstances" as factors necessary in the analysis. *Id.* at **4-5. However, the *Rhodenhizer* court, given the particular facts of the case, found that the defendants did not demonstrate "lack of prejudice" and had not considered the plaintiff's motion for judgment "significant." *Id.* at **6. Despite adopting *Emrich's* "excusable neglect" standard and acknowledging "compelling circumstances," the court did not directly discuss the issue of "good cause."

The Fairfax County Circuit Court, on the other hand, did directly acknowledge "good cause," in *Fletcher v. Inova Health Care Servs.*, noting such as a factor in a court's use of discretion under Rule 1:9; however, the court explained that Rule 1:9 no longer expressly requires a finding of "good cause" as did the former rule.[3] *Fletcher v. Inova Health Care Servs.*, 71 Va. Cir. 331, 2006 Va. Cir. LEXIS 142, at **2 (Fairfax County 2006) (*quoting Emrich*, 387 S.E.2d at 292). The *Fletcher* court interpreted *Emrich* to state that "good cause" is only a component factor in the analysis. In permitting the late filing, the court held that "while the showing of good cause has . . . been slight, there is no clear evidence of bad faith." *Id.* at **2-3. Thus, the court held that, given the lack of bad faith, the degree of "good cause" was not the dispositive factor and the ends of justice required that the court accept the late amended answer. *Id.* at **3.

In the case at bar, Plaintiffs claim that defense counsel's inadvertence precludes him from showing any "good cause," despite demonstration of "compelling circumstances" or other reasonable excuses. Plaintiffs further claim that counsel knew he was obligated to file an answer within 21 days of the Court's order; therefore, Plaintiffs argue that counsel's failure to timely file an answer does not meet the "excusable neglect" standard, mandating a default judgment. Conversely, Defendants' counsel contends that the Court should consider "compelling circumstances" as a component of "good cause." He insists that the Plaintiffs were in no way prejudiced by his inadvertence, and that, when brought to his attention, he promptly addressed the problem. Defendants' counsel freely admits he failed to ask the Court to revise the

---

[3] Va. Code. Ann. § 8-121 (repealed 1977).

Order of November 7, 2006, to reflect the due date for the answer because, due to the unusual procedural posture of the case, he assumed he had filed an answer. Defense counsel also asserts that his clients, who played no role in any filing delay, have a meritorious defense, with experts ready to offer testimony concerning issues of standard of care.

The core question remains whether defense counsel's inadvertence bars him from showing "good cause" to establish "excusable neglect." While "good cause" is certainly a necessary component of the Court's analysis, the underlying principle of Rule 3:8(b) is to prevent "unconscionable delay," dilatoriness, or "neglect" by the litigants. *Worsham v. Nadon*, 156 Va. 438, 157 S.E. 560, 562 (1931). In *Emrich, Jay-Ton*, and the host of authorities considering this issue, the bottom line requires courts to apply judicial discretion to serve the ends of justice in each instance. The case at bar does not involve the failure to vigorously defend a case, but to file an answer within the framework of on-going litigation. Although decrying as excessive the time lapse between the order of November 7, 2006, and the tendering of the late answer, Plaintiffs' counsel was apparently unaware of defense counsel's inadvertence until shortly before he filed the MFJ. By that time, the case was already set for trial, with experts selected and depositions imminent. Once aware of the lapse, defense counsel acted immediately to correct the error.

In weighing the competing factors here and first considering the "good cause" factor, the inadvertence of counsel is certainly not one to be weighted in favor of the defense. But as noted above, deficiencies on this side of the scale must be set against any "compelling circumstances" in reaching a final determination. Plaintiffs can show no real prejudice here. Furthermore, there has been no allegation or showing of bad faith by counsel or a party defendant. There is no real question that defense counsel acted with alacrity upon discovering his oversight. In addition, there is no real issue that Defendants are asserting a meritorious defense, at least on a *prima facie* basis, upon review of the tendered answer. There is also no question that Defendants, themselves, are blameless, and the attorney is at fault, this factor militating against default. *Jay-Ton*, 2003 Va. Cir. LEXIS 289, at **41-42. While regrettable, counsel's inadvertence did not constitute an "unconscionable delay," nor was it the type of behavior typically associated with dilatoriness or inexcusable neglect. Undoubtedly, a default judgment on liability in this medical malpractice action would be an extremely harsh consequence for the blameless defendant parties.

For the reasons set forth above, the Court denies Plaintiffs' Motion for Entry of Default Judgment and grants Defendants' Motion for Leave to File Late Responsive Pleadings.