# CIRCUIT COURT OF ROCKINGHAM COUNTY

Griselda Hernandez-Rivera

v.

Franklin Management Co.
and Grassy Creek
Mobile Homes, L.L.C.

January 7, 2016

Case No. CL15001383

By Judge Clark A. Ritchie

This matter came before the Court on December 17, 2015, on the Plaintiff's Motion for Default Judgment and Request for Damages Hearing. The Plaintiff appeared by counsel C. Andrew Bolt, Esq., and both Defendants appeared by their counsel Robert P. Quadros, Esq. Mr. Quadros moved for leave to file a late answer. Both parties indicated that they were prepared to proceed. A hearing was conducted on the motions before the Court. I then took the case under advisement to review the exhibits and submitted case law. I make the following findings.

On June 22, 2015, the Plaintiff's complaint was filed against two Defendants, Franklin Management Company and Grassy Creek Mobile Home Park, L.L.C. These Defendants operate a joint venture in the operation of the Grassy Creek Mobile Home Park.

Each Defendant has a different registered agent. Franklin Management Company's registered agent is James Sease, Esq.; Grassy Creek Mobile Homes, L.L.C.'s registered agent is W. Dean Short, II, Esq. James Sease was served with notice of the complaint on June 29, 2015. W. Dean Short has not been served despite repeated attempts.

Prior to filing, Plaintiff's Counsel and Defense Counsel had spoken on the phone about the dispute that led to the suit. Their discussions included the identity of the registered agents and Defense Counsel's request that a copy of the complaint be mailed to him directly.

On July 21, the twenty-one day period passed from service on Mr. Sease without the filing of an answer. Defense Counsel filed an answer on behalf of *both* clients on July 30, 2015. It was a late answer in regards to Defendant Franklin Management and operated as waiver of service for

Defendant Grassy Creek Mobile Homes, L.L.C. Defense counsel admitted that it was his inaction — not his client's — that caused the late reply.

The answer does not allege alternative defense theories with respect to each Defendant. It does not factually or legally distinguish between the Defendants in any manner whatsoever.

On or about September 3, 2015, Defense Counsel suffered a medical condition, which was diagnosed by medical professionals as a stroke.

Virginia law requires that a defendant shall file pleadings in response within twenty-one days after service of the summons and complaint upon that defendant. Va. Sup. Ct. Rule 3:8(a). The defendant is in default if an answer is not filed within that twenty-one day period. Va. Sup. Ct. Rule 3:19(a). However, a court may, for good cause shown, grant a defendant who is in default leave to file a responsive pleading. Va. Sup. Ct. Rule 3:19(b). Furthermore, Va. Sup. Ct. Rule 1:9 provides that "[t]he time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired." A court must read Rule 3:19 and Rule 1:9 together. *Herndon v. Wickham,* 198 Va. 824, 826 (1957). A very comprehensive and detailed explanation of the applicability of these rules are outlined by Judge Hogshire in *Nauman v. Samuels,* 73 Va. Cir. 411 (2007). Whether or not to allow leave for the filing of a pleading is left within the "broad discretion" of the trial court to "screen for those cases where the circumstances involved demonstrate good cause for the delay or where leave is otherwise necessary to achieve the ends of justice." *Emrich v. Emrich,* 9 Va. App. 288, 293 (1989).

Determining whether such leave is appropriate "depend[s] upon the circumstances of the particular case." *Westfall v. Westfall,* 196 Va. 97, 103 (1954). Factors utilized by a court to determine if such leave is appropriate in a particular case include "lack of prejudice to the opposing party, the promptness of the opposing party's decision to progress with the cause, the existence of a meritorious claim or substantial defense, the existence of legitimate extenuating circumstances. . . ." *Emrich,* 9 Va. App. at 293 (citations omitted). "This list of justifiable circumstances is not exhaustive . . . [and consequently] the application of the rule 'rests within the sound discretion of the trial court'." *Id.* (quoting *Eagle Lodge v. Hofmeyer,* 193 Va. 864, 870 (1952)).

In this particular case, Defense Counsel filed the answer nine days late in regards to Defendant Franklin Management. Defense Counsel candidly concedes that the answer was late. However, there was no evidence presented that this nine day delay was prejudicial to the Plaintiff. In fact, bringing Defendant Grassy Creek Mobile Home Park, L.L.C., into the jurisdiction of the court was arguably a *benefit* to the Plaintiff as that same answer removed any need of service of Grassy Creek's registered agent. Counsel had been speaking with each other about this matter prior to initiation of the suit. Both counsel were aware of the dispute and familiar with the general facts

and circumstances. In the course of their conversations, they discussed who the Defendants' registered agents were. Defense Counsel was diagnosed with the symptoms of a stroke that were discovered a few weeks after the late answer. It is unclear how much, if any, of an effect this had on Defense counsel in the weeks preceding diagnosis, but it is a relevant consideration. I do find it reasonable that there was a good faith misunderstanding between counsel about any possible understandings that the matter would proceed.

In addition to the foregoing, it is vital to the inquiry that the Defendants' alleged liability is pursuant to their operation as a joint venture. They offer the exact same answer and will presumably present the same evidence and arguments regarding any applicable factual or legal defenses. There are no alleged alternative theories of liability with respect to the Defendants separately. This is important because, even if the Court would grant the Plaintiff's motion and enter a default judgment as to Defendant Franklin Heights, the case would move forward between the Plaintiff and Defendant Grassy Creek Mobile Homes, L.L.C. The pleadings and arguments of counsel make clear that Grassy Creek Mobile Homes, L.L.C., is very likely — almost certainly — going to present a defense that would apply to both Defendants. There are principles of Virginia law that suggest, if Grassy Creek Mobile Homes, L.L.C., is successful on the merits, then Franklin Management Company could possibly benefit from Grassy Creek's defense even if in default. See *Ashby v. Bell's Administrator*, 80 Va. 811 (1885). This also avoids the possible difficulties in the assessment (and severance) of potential damages between two entities that practically operated as one in the business dealings with the Plaintiff.

Additionally, the late answer is due to the actions of Defense Counsel, not the Defendant. When the failure to timely act is due to the actions of defense counsel and not due to any action (or inaction) by the defendant, courts have held that default should be less likely and should not generally bar a defense on the merits. See *Jay-Ton Constr. Co. v. Bowen Constr. Servs.*, 62 Va. Cir. 414, 432 (2003). *Jay-Ton Construction* references a trend of persuasive precedent adopting this position.

Deadlines are vital for the continued efficient operation of the legal process. However there are certain limited circumstances where it is appropriate for a court to exercise discretion in granting an extension of those deadlines. Virginia law allows for this extension to be granted even after the deadline has passed if particular circumstances warrant it. Here, for the reasons noted above, especially the lack of prejudice to the Plaintiff, I find it appropriate to grant the Defendant Franklin Heights' Motion for Leave To File a Late Answer. Consequently, I deny the Plaintiff's Motion for the Entry of a Default Judgment.